1  SNELL & WILMER L.L.P.
   Eric S. Pezold, Bar No. 255657
2  epezold@swlaw.com
   Andrew B. Still, Bar No. 312444
3  astill@swlaw.com
   600 Anton Blvd, Suite 1400
4  Costa Mesa, California 92626-7689
   Telephone:    714.427.7000
5  Facsimile:    714.427.7799

6  Attorneys for secured creditors Churchill Funding I,
   LLC; Wilmington Savings Fund Society, FSB, not in
7  its individual capacity but solely as trustee for
   Residential Mortgage Aggregation Trust; CL-CH
8  Residential Credit Ops 2, LLC; and CFIN 2022-RTL1
   Issuer, LLC

9

10                    UNITED STATES BANKRUPTCY COURT

11       CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

12

13  In re:                                Case No. 1:23-bk-10270-VK

14  LINDA EZOR SWARZMAN,                  Chapter 11

15            Debtor-in-Possession.       **NOTICE OF NON-CONSENT TO USE
                                          OF CASH COLLATERAL AND
16                                        DEMAND FOR SEGREGATION AND
                                          ACCOUNTING OF CASH
17                                        COLLATERAL PURSUANT TO
                                          11 U.S.C. § 363(c)**
18

19

20

21       TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY

22  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR AND COUNSEL OF

23  RECORD:

24       PLEASE TAKE NOTICE that Churchill Funding I, LLC ("Churchill"), for itself and in its

25  capacity as master servicing agent for Wilmington Savings Fund Society, FSB, not in its individual

26  capacity but solely as trustee for Residential Mortgage Aggregation Trust ("RMAT"), CL-CH

27  Residential Credit Ops 2, LLC ("CL-CH") and CFIN 2022-RTL1 Issuer, LLC ("CFIN" and

28  collectively with Churchill, RMAT and CL-CH, the "Lenders"), secured creditors of the above-

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

captioned debtor and debtor-in-possession Linda Ezor Swarzman ("Debtor"), by and through undersigned counsel, hereby gives notice pursuant to sections 363(c)(2) and 552(b) of the Bankruptcy Code,[1] to the Debtor and any and all other parties-in-interest, of Lender's non-consent to the use of the cash collateral generated from the real properties located at 22102 Kennedy Drive, Galveston, TX ("Kennedy Property"), 1788 Redfish Lane, Crystal Beach, TX ("Redfish Property"), 16014 Buccaneer Lane, Houston, TX ("Buccaneer Property"), 1714 Rosenberg Street (fka 25th Street), Galveston, TX ("Rosenberg Property"), 3801 6th Street, Galveston, TX ("3801 6th Street Property"), 23170 Gulf Drive, Galveston, TX ("Gulf Drive Property"), 711 Meadowglen Drive, Baytown, TX ("Meadowglen Property"), 803-807 W. 6th Street, Freeport, TX ("803 6th Street Property") and 1206 Montana Street, La Porte, TX ("Montana Street Property"), and its demand, pursuant to Bankruptcy Code section 363(c)(4), that the Debtor account for and segregate such cash collateral from the petition date.

## I.

## RELEVANT FACTS

### A.    22102 Kennedy Drive, Galveston TX ("Kennedy Property")

1.    On or about April 19, 2022, Riverbend Funding, LLC ("Original Lender") and Debtor entered into that certain Loan Agreement (the "Kennedy Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $670,500 to the Debtor for the purposes of Debtor's business operations (the "Kennedy Loan"). In connection with the Kennedy Loan, Debtor made, executed and delivered that certain Promissory Note (the "Kennedy Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $670,500 plus interest under the terms and conditions set forth in the Kennedy Note.

2.    To secure payment of the obligations under the Kennedy Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Kennedy Property to Original Lender, which was duly recorded in the Official Records of

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to Title 11 of the United States Code ("Bankruptcy Code" or "Code"), 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("FRCP").

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

SNELL & WILMER
LAW OFFICES
LLP.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Galveston County on April 22, 2022 as Instrument No. 2022027192 ("Kennedy Deed of Trust"). A true and correct copy of the Kennedy Deed of Trust is attached hereto as **Exhibit 1**.

3.    RMAT is the current holder of the Kennedy Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on August 8, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022052019 whereby Original Lender assigned its interest in the Kennedy Loan to Churchill and (ii) Assignment of Security Instruments recorded on December 1, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022072806 whereby Churchill assigned its interest in the Kennedy Loan to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 2 and 3**.

4.    The Kennedy Loan Agreement, Note and Deed of Trust, along with any other document that evidences or secures the Kennedy Loan are referred to herein collectively as the "Kennedy Loan Documents." RMAT has performed all conditions, promises and terms required of it under the Kennedy Loan Documents.

**B.    1788 Redfish Lane, Crystal Beach, TX ("Redfish Property")**

5.    On or about May 9, 2022, Original Lender and Debtor entered into that certain Loan Agreement (the "Redfish Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $668,250 to the Debtor for the purposes of Debtor's business operations (the "Redfish Loan"). In connection with the Redfish Loan, Debtor made, executed and delivered that certain Promissory Note (the "Redfish Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $668,250 plus interest under the terms and conditions set forth in the Redfish Note.

6.    To secure payment of the obligations under the Redfish Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Redfish Property to Original Lender, which was duly recorded in the Official Records of Galveston County, TX on May 17, 2022 as Instrument No. 2022033225 ("Redfish Deed of Trust"). A true and correct copy of the Redfish Deed of Trust is attached hereto as **Exhibit 4**.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

7.    Churchill is the current holder of the Redfish Loan, Note and Deed of Trust pursuant to that certain Assignment of Security Instruments recorded on August 8, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022052052 whereby Original Lender assigned its interest in the Redfish Loan Documents to Churchill. A true and correct copy of the forgoing assignment is attached hereto as **Exhibit 5**.

8.    The Redfish Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Redfish Loan are referred to herein collectively as the "Redfish Loan Documents." Churchill has performed all conditions, promises and terms required of it under the Redfish Loan Documents.

**C.    16014 Buccaneer Lane, Houston, TX ("Buccaneer Property")**

9.    On or about May 25, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "Buccaneer Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $174,400 to the Debtor for the purposes of Debtor's business operations (the "Buccaneer Loan"). In connection with the Buccaneer Loan, Debtor made, executed and delivered that certain Promissory Note (the "Buccaneer Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $174,400 plus interest under the terms and conditions set forth in the Buccaneer Note.

10.    To secure payment of the obligations under the Buccaneer Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Buccaneer Property to Original Lender, which was duly recorded in the Official Records of Harris County, TX on June 4, 2021 as Instrument No. RP-2021-310661 ("Buccaneer Deed of Trust"). A true and correct copy of the Buccaneer Deed of Trust is attached hereto as **Exhibit 6**.

11.    RMAT is the current holder of the Buccaneer Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on August 11, 2022, in the Official Records of Harris County, TX as Instrument No. RP-2022-411789 whereby Original Lender assigned its interest in the Buccaneer Loan Documents to Churchill and (ii) Assignment of Security

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

Instruments recorded on December 13, 2022, in the Official Records of Harris County, TX as Instrument No. RP-2022-584071 whereby Churchill assigned its interest in the Buccaneer Loan Documents to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 7 and 8**.

12.     The Buccaneer Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Buccaneer Loan are referred to herein collectively as the "Buccaneer Loan Documents." RMAT has performed all conditions, promises and terms required of it under the Buccaneer Loan Documents.

**D.    1714 Rosenberg Street (fka 25th Street), Galveston, TX ("Rosenberg Property")**

13.     On or about January 26, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "Rosenberg Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $1,044,000 to the Debtor for the purposes of Debtor's business operations (the "Rosenberg Loan"). In connection with the Rosenberg Loan, Debtor made, executed and delivered that certain Promissory Note (the "Rosenberg Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $1,044,000 plus interest under the terms and conditions set forth in the Rosenberg Note.

14.     To secure payment of the obligations under the Rosenberg Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Rosenberg Property[2] to Original Lender, which was duly recorded in the Official Records of Galveston County, TX on February 1, 2021 as Instrument No. 2021007917 ("Rosenberg Deed of Trust"). A true and correct copy of the Rosenberg Deed of Trust is attached hereto as **Exhibit 9**.

15.     CL-CH is the current holder of the Rosenberg Loan, Note and Deed of Trust pursuant to those certain (i) Assignment and Conveyance of Deed of Trust recorded on June 21, 2021 in the Official Records of Galveston County, TX as Instrument No. 2021045040 whereby Original Lender assigned its interest in the Rosenberg Loan Documents to RF Warehouse I, LLC,

---

[2] The Rosenberg Property was previously commonly known as 1714 25th Street, Galveston, TX.

NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL AND DEMAND FOR SEGREGATION

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

(ii) Corrective Assignment of Security Instruments recorded on December 27, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022076686 whereby RF Warehouse I, LLC assigned its interest in the Rosenberg Loan Documents to Churchill, and (iii) Assignment of Security Instruments recorded on January 4, 2023 in the Official Records of Galveston County, TX as Instrument No. 2023000472 whereby Churchill assigned its interest in the Rosenberg Loan Documents to CL-CH. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 10, 11 and 12.**

16.     The Rosenberg Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Rosenberg Loan are referred to herein collectively as the "Rosenberg Loan Documents." CL-CH has performed all conditions, promises and terms required of it under the Rosenberg Loan Documents.

**E.     3801 6th Street, Galveston, TX ("3801 6th Street Property")**

17.     On or about June 7, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "3801 6th Street Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $174,400 to the Debtor for the purposes of Debtor's business operations (the "3801 6th Street Loan"). In connection with the 3801 6th Street Loan, Debtor made, executed and delivered that certain Promissory Note (the "3801 6th Street Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $174,400 plus interest under the terms and conditions set forth in the 3801 6th Street Note.

18.     To secure payment of the obligations under the 3801 6th Street Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the 3801 6th Street Property to Original Lender, which was duly recorded in the Official Records of Galveston County, TX on June 10, 2021 as Instrument No. 2021042114 ("3801 6th Street Deed of Trust"). A true and correct copy of the 3801 6th Street Deed of Trust is attached hereto as **Exhibit 13**.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4854-8520-6870                                    - 6 -

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

19.     RMAT is the current holder of the 3801 6th Street Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on August 11, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022052884 whereby Original Lender assigned its interest in the 3801 6th Street Loan Documents to Churchill and (ii) Assignment of Security Instruments recorded on December 1, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022072804 whereby Churchill assigned its interest in the 3801 6th Street Loan Documents to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 14 and 15.**

20.     The 3801 6th Street Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the 3801 6th Street Loan are referred to herein collectively as the "3801 6th Street Loan Documents." RMAT has performed all conditions, promises and terms required of it under the 3801 6th Street Loan Documents

### F.     23170 Gulf Drive, Galveston, TX ("Gulf Drive Property")

21.     On or about October 18, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "Gulf Drive Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $521,600 to the Debtor for the purposes of Debtor's business operations (the "Gulf Drive Loan"). In connection with the Gulf Drive Loan, Debtor made, executed and delivered that certain Promissory Note (the "Gulf Drive Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $521,600 plus interest under the terms and conditions set forth in the Gulf Drive Note.

22.     To secure payment of the obligations under the Gulf Drive Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Gulf Drive Property to Original Lender, which was duly recorded in the Official Records of Galveston County, TX on October 22, 2021 as Instrument No. 2021077427 ("Gulf Drive Deed of Trust"). A true and correct copy of the Gulf Drive Deed of Trust is attached hereto as **Exhibit 16**.

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

23.     CFIN is the current holder of the Gulf Drive Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on December 1, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022072774 whereby Original Lender assigned its interest in the Gulf Drive Loan Documents to Churchill, (ii) Assignment of Security Instruments recorded on December 12, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022074503 whereby Churchill assigned its interest in the Gulf Drive Loan Documents to CFIN 2022-RTL 1 Depositor LLC and (iii) Assignment of Security Instruments recorded on December 13, 2022 in the Official Records of Galveston County, TX as Instrument No. 2022074562 whereby CFIN 2022-RTL 1 Depositor LLC assigned its interest in the Gulf Drive Loan Documents to CFIN. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 17, 18 and 19.**

24.     The Gulf Drive Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Gulf Drive Loan are referred to herein collectively as the "Gulf Drive Loan Documents." CFIN has performed all conditions, promises and terms required of it under the Gulf Drive Loan Documents.

**G.      711 Meadowglen Drive, Baytown, TX ("Meadowglen Property"),**

25.     On or about May 10, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "Meadowglen Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $123,200 to the Debtor for the purposes of Debtor's business operations (the "Meadowglen Loan"). In connection with the Meadowglen Loan, Debtor made, executed and delivered that certain Promissory Note (the "Meadowglen Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $123,200 plus interest under the terms and conditions set forth in the Meadowglen Note.

26.     To secure payment of the obligations under the Meadowglen Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Meadowglen Property to Original Lender, which was duly recorded in the Official Records of

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Harris County, TX on June 2, 2021 as Instrument No. RP-2021-304486 ("Meadowglen Deed of Trust"). A true and correct copy of the Meadowglen Deed of Trust is attached hereto as **Exhibit 20**.

27.    RMAT is the current holder of the Meadowglen Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on August 3, 2022 in the Official Records of Harris County, TX as Instrument No. RP-2022-397311 whereby Original Lender assigned its interest in the Meadowglen Loan Documents to Churchill and (ii) Assignment of Security Instruments recorded on December 1, 2022 in the Official Records of Harris County, TX as Instrument No. RP-2022-570052 whereby Churchill assigned its interest in the Meadowglen Loan Documents to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 21 and 22.**

28.    The Meadowglen Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Meadowglen Loan are referred to herein collectively as the "Meadowglen Loan Documents." RMAT has performed all conditions, promises and terms required of it under the Meadowglen Loan Documents.

**H.    803-807 W. 6th Street, Freeport, TX  ("803 6th Street Property")**

29.    On or about May 4, 2021, Original Lender and Debtor entered into that certain Loan Agreement (the "803 6th Street Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $101,575 to the Debtor for the purposes of Debtor's business operations (the "803 6th Street Loan"). In connection with the 803 6th Street Loan, Debtor made, executed and delivered that certain Promissory Note (the "803 6th Street Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $101,575 plus interest under the terms and conditions set forth in the 803 6th Street Note.

30.    To secure payment of the obligations under the 803 6th Street Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the 803 6th Street Property to Original Lender, which was duly recorded in the Official Records of

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

NOTICE OF NON-CONSENT TO USE OF
CASH COLLATERAL AND DEMAND FOR
SEGREGATION

Brazoria County, TX on May 7, 2021 as Instrument No. 2021029918 ("803 6th Street Deed of Trust"). A true and correct copy of the 803 6th Street Deed of Trust is attached hereto as **Exhibit 23**.

31. RMAT is the current holder of the 803 6th Street Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on December 27, 2022 in the Official Records of Brazoria County, TX as Instrument No. 2022069398 whereby Original Lender assigned its interest in the 803 6th Street Loan Documents to Churchill and (ii) Assignment of Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing recorded on December 27, 2022 in the Official Records of Brazoria County as Instrument No. 2022069399 whereby Churchill assigned its interest in the 803 6th Street Loan Documents to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 24 and 25.**

32. The 803 6th Street Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the 803 6th Street Loan are referred to herein collectively as the "803 6th Street Loan Documents." RMAT has performed all conditions, promises and terms required of it under the 803 6th Street Loan Documents.

**I.      1206 Montana Street, La Porte, TX ("Montana Street Property")**

33. On or about April 29, 2022, Original Lender and Debtor entered into that certain Loan Agreement (the "Montana Street Loan Agreement") whereby Debtor agreed to borrow, and Original Lender agreed to loan $93,000 to the Debtor for the purposes of Debtor's business operations (the "Montana Street Loan"). In connection with the Montana Street Loan, Debtor made, executed and delivered that certain Promissory Note (the "Montana Street Note"), whereby Debtor agreed to pay Original Lender, *inter alia*, the principal amount of $93,000 plus interest under the terms and conditions set forth in the Montana Street Note.

34. To secure payment of the obligations under the Montana Street Loan and Note, Debtor made, executed and delivered that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing, whereby Debtor pledged all of its right, title and interest in the Montana Street Property to Original Lender, which was duly recorded in the Official Records of Harris County, TX on May 4, 2022 as Instrument No. RP-2022-236836 ("Montana Street Deed

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

of Trust"). A true and correct copy of the Montana Street Deed of Trust is attached hereto as **Exhibit 26**.

35.    RMAT is the current holder of the Montana Street Loan, Note and Deed of Trust pursuant to those certain (i) Assignment of Security Instruments recorded on August 8, 2022 in the Official Records of Harris County, TX as Instrument No. RP-2022-405138 whereby Original Lender assigned its interest in the Montana Loan Documents to Churchill and (ii) Assignment of Security Instruments recorded on December 13, 2022 in the Official Records of Harris County, TX as Instrument No. RP-2022-584136 whereby Churchill assigned its interest in the Montana Loan Documents to RMAT. True and correct copies of the forgoing assignments are attached hereto as **Exhibits 27 and 28.**

36.    The Montana Street Loan Agreement, Note, and Deed of Trust, along with any other document that evidences or secures the Montana Street Loan are referred to herein collectively as the "Montana Street Loan Documents." RMAT has performed all conditions, promises and terms required of it under the Montana Street Loan Documents.

## II.

## NON-CONSENT TO USE OF CASH COLLATERAL AND
## DEMAND FOR SEGREGATION

37.    Lenders hereby give notice pursuant to Bankruptcy Code section 363(c) that they do not consent to any use of their respective collateral, including cash collateral (the "Cash Collateral") as that term is defined in Bankruptcy Code section 363(a).

38.    Lenders further demand that the Debtor fully comply with Bankruptcy Code section 363(c) and all other applicable provisions of the Bankruptcy Code with respect to the Cash Collateral, including, but not limited to, the requirement that the Debtor segregate and account for all of the Cash Collateral that is in the Debtor's or the Estate's possession, custody or control, as of the petition date, and any and all of the Cash Collateral coming into the Debtor's or the Estate's possession, custody or control at any time thereafter.

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

39.     Lenders further demand that to the extent the Debtor seeks the use of their respective

Cash Collateral that the Court require that the Debtor provide such Lender adequate protection for

such use pursuant to Bankruptcy Code section 363(e).

Dated:  March 10, 2023                          SNELL & WILMER L.L.P.


                                                By:  */s/ Andrew B. Still*
                                                     Eric S. Pezold
                                                     Andrew B. Still

                                                Attorneys for Secured Creditors
                                                Churchill Funding I, LLC;
                                                Wilmington Savings Fund Society, FSB, not in
                                                its individual capacity but solely as trustee for
                                                Residential Mortgage Aggregation Trust;
                                                CL-CH Residential Credit Ops 2, LLC; and
                                                CFIN 2022-RTL1 Issuer, LLC

# Exhibit 1

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this April 19, 2022, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

### RECITALS

A.      Lender has agreed to make a loan (the "**Loan**") to Borrower. The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated April 19, 2022, in the maximum principal amount of up to $670,500.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated April 19, 2022, between Borrower and Lender (the "**Loan Agreement**"). .

B.      Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement. All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.      Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

### AGREEMENT

RECORDED AT THE REQUEST
OF FIRST AMERICAN TITLE
GF# - 2732528-H045

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)    The real estate described on <u>Exhibit "A"</u> attached hereto (the "**Land**");

(b)    All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)    To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)    All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)    All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of <u>Section 6</u> of this Deed of Trust;

(f)    All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)    To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)    Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)    All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)    All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)    All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)    Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.    **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.    **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement. Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.    **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this Section 6 cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this Section 6 with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this Section 6 is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this Section 6 is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this Section 6 and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this Section 6 shall terminate upon the release of this Deed of Trust.

7.   **Commercial Code Security Agreement.**

(a)      To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("**UCC**") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)    Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)    Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)    Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)    To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)    The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice. The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property: (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  "**Transfer**" means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)      any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)      (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)      the execution of any agreements to do any of the foregoing.

11.      **Events of Default; Acceleration of Indebtedness.**

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of <u>Section 10</u> above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.      **Entry; Foreclosure.**

(a)      <u>Surrender Possession</u>.  Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower.  If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree.  Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)     Pursue Remedies.   When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to:  (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)     Trustee's Sale.   Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing.  In the event Lender invokes the power of sale:

(i)     Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction.  Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)     Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)     Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale. In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind.  If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales.  Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure.  If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance. This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

- 23 -

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)     Rescission of Notice of Sale.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)     Rights and Remedies Cumulative.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.     **Expenditures and Expenses**.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.     **Application of Proceeds of Foreclosure Sale**.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in <u>Section 12</u> above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.     **Appointment of Receiver**.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.    **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.    **Trustee Provisions**.

(a)    From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)    From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.    **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

### 19.    **Waiver of Statute of Limitations and Marshaling**.

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

### 20.    **Waiver of Homestead and Redemption**.

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

### 21.    **Governing Law; Severability**.

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

### 22.    **Notice**.

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

### 23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest**.

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous**.

(a)    Time is of the Essence. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)    ENTIRE AGREEMENT.    THIS DEED OF TRUST AND ALL THE OTHER LOAN
DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY
NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL
AGREEMENTS.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    Waivers.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice
of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for
payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and
on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    Taxes.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including
local real property and business personal property taxes) when due and before the imposition of any interest, fine,
penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n)  individual


By:    *Linda Swarzman*
Name:  LINDA SWARZMAN
Its:    BORROWER


STATE OF CALIFORNIA

COUNTY OF *Los Angeles*

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared *Linda Swarzman*, known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this *20* day of *April*, 20 *22*.

[Personalized Seal]


ISABELLA CABALLERO
Notary Public - California
Los Angeles County
Commission # 2340291
My Comm. Expires Dec 14, 2024

Notary Public in and for the State of California


DEED OF TRUST                SIGNATURE PAGE

## EXHIBIT "A"

## <u>LEGAL DESCRIPTION</u>

LOT 207, OF TENTH EXTENSION TO SEA ISLE, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1616, PAGE 116 OF THE DEED RECORDS, LATER TRANSFERRED TO VOLUME 8, PAGE 75, OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:      *2022027192*

Recording Fee: 94.00

Number Of Pages:      19

Filing and Recording Date: 04/22/2022 8:43AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 2

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 22102 Kennedy Drive, Galveston, TX 77554

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated April 19, 2022 made and executed by Linda Swarzman to Riverbend Funding, LLC, upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $670,500.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on April 22, 2022 as Instrument Number 2022027192 in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 22 day of April, 2022.

Property covered by said Deed of Trust is briefly described as follows:
22102 Kennedy Dr., Galveston, TX 77554
Property Tax Number: 638600000207000

ASSIGNOR: Riverbend Funding, LLC

SIGNED: _____

BY: Brian Burke

Title: Authorized Signor

## ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On April 28, 2022 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public                              (NOTARY SEAL)

Printed Name:

Heather A Gonzalez

## EXHIBIT A

LOT 207, OF TENTH EXTENSION TO SEA ISLE, A SUBDIVISION IN GALVESTON
COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN
VOLUME 1616, PAGE 116 OF THE DEED RECORDS, LATER TRANSFERRED TO
VOLUME 8, PAGE 75, OF THE MAP AND/OR PLAT RECORDS OF GALVESTON
COUNTY, TEXAS.
Property commonly known as: 22102 Kennedy Drive, Galveston, TX 77554.

# FILED AND RECORDED

Instrument Number:     *2022052019*

Recording Fee: 34.00

Number Of Pages:     4

Filing and Recording Date: 08/08/2022 11:10AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 3

Recording Requested By:
Churchill Funding I LLC

After recording mail to:
Churchill Funding I LLC
1415 Vantage Park Dr. Ste 240,
Charlotte NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### *22102 Kennedy Dr, Galveston, Texas 77554*

For value received, the undersigned holder of the below described security instruments. Churchill Funding I, LLC (herein "Assignor") whose address is 1415 Vantage Park Drive, Suite 240, Charlotte, NC 28203, does hereby grant, sell, assign, transfer and convey unto Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 90 Park Avenue Floor 23, New York, New York 10016 all of its right, title and interest in and to the below described security instruments dated April 19th, 2022 made and executed Linda Swarzman to Riverbend Funding, LLC upon the property described in **Exhibit A.**

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $670,500.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on __April 22nd, 2022_ at Instrument Number _____2022027192_____, in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this _12_ day of _May_, 2022.

ASSIGNOR: **Churchill Funding I, LLC**

SIGNED: _____

BY: Derrick Land

Title: AUTHORIZED SIGNER

STATE OF _North Carolina_    )
COUNTY OF _Mecklenburg_    )

On _May 12_, 2022 before me, the undersigned, personally appeared _Derrick Land_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of **Churchill Funding I, LLC**, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

**BRANDON HERNANDEZ**
NOTARY PUBLIC
MECKLENBURG COUNTY
STATE OF NORTH CAROLINA
MY COMMISSION EXPIRES 11-12-2024

Notary Public Signature

Printed Name: _Brandon Hernandez_
My Commission Expires: _11-12-2024_

## EXHIBIT A

LOT 207, OF TENTH EXTENSION TO SEA ISLE, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1616, PAGE 116 OF THE DEED RECORDS, LATER TRANSFERRED TO VOLUME 8, PAGE 75, OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:         *2022072806*

Recording Fee: 34.00

Number Of Pages:         4

Filing and Recording Date: 12/01/2022 10:03AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 4

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT
## OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this May 09, 2022, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

## RECITALS

A.      Lender has agreed to make a loan (the "**Loan**") to Borrower.  The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated May 09, 2022, in the maximum principal amount of up to $668,250.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated May 09, 2022, between Borrower and Lender (the "**Loan Agreement**"). .

B.      Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement.  All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.      Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

## AGREEMENT

RECORDED AT THE REQUEST
OF FIRST AMERICAN TITLE
GF# - 2730264-HOYS

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)      The real estate described on <u>Exhibit "A"</u> attached hereto (the "**Land**");

(b)      All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)      To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)      All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)      All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of <u>Section 6</u> of this Deed of Trust;

(f)      All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)      To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)      All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)       Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)       All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)       All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)       All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)       Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.       **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.       **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.       **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this <u>Section 4</u> (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the "**Default Rate**" (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this <u>Section 4</u> shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; <u>provided</u>, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this <u>Section 6</u> cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this <u>Section 6</u> with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this <u>Section 6</u> is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this <u>Section 6</u> is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this <u>Section 6</u> and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this <u>Section 6</u> shall terminate upon the release of this Deed of Trust.

7.    <u>**Commercial Code Security Agreement.**</u>

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("**UCC**") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)     Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)     Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)     Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)     To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)     The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  **"Transfer"** means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)     any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)     (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)     the execution of any agreements to do any of the foregoing.

11.    **Events of Default; Acceleration of Indebtedness.**

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of <u>Section 10</u> above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.    **Entry; Foreclosure.**

(a)     <u>Surrender Possession</u>.  Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower.  If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree.  Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    <u>Pursue Remedies</u>.  When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to:  (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    <u>Trustee's Sale</u>.  Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing.  In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction.  Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale at least twenty-one (21) days before the date of the sale by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service.  The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)   Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale. In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind. If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales. Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)   <u>Mixed Collateral</u>.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply. Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property. Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice. The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)   <u>After Foreclosure</u>.  If all or any part of the Property is sold pursuant to this <u>Section 12</u>, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property. If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance. This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)   <u>Uniform Commercial Code</u>.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)      Rescission of Notice of Sale.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)      Rights and Remedies Cumulative.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

### 13.   **Expenditures and Expenses.**

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

### 14.   **Application of Proceeds of Foreclosure Sale.**

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

### 15.   **Appointment of Receiver.**

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16. **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17. **Trustee Provisions**.

(a)      From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)      From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18. **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

### 19. **Waiver of Statute of Limitations and Marshaling**.

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

### 20. **Waiver of Homestead and Redemption**.

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

### 21. **Governing Law; Severability**.

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

### 22. **Notice**.

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

### 23. **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions**.

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous**.

(a)    _Time is of the Essence_. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY**. **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)     ENTIRE AGREEMENT.     THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)     Waivers. Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)     Taxes. Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n) individual

By: *Linda Swarzman*
Name: LINDA SWARZMAN
Its: BORROWER

STATE OF CALIFORNIA

COUNTY OF Los Angeles

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared Linda Swarzman , known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 10 day of May , 2022.

[Personalized Seal]

MATTHEW ANDRES BERMUDEZ
Notary Public - California
Los Angeles County
Commission # 2394787
My Comm. Expires Feb 23, 2026

_____
Notary Public in and for the State of California

DEED OF TRUST                    SIGNATURE PAGE

## EXHIBIT "A"

### LEGAL DESCRIPTION

LOTS 9 AND 10, BLOCK A, BREEZY ACRES SUBDIVISION, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 254A, PAGE 71 AND TRANSFERRED TO PLAT RECORD 11, MAP NO. 66, BOTH OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:        *2022033225*

Recording Fee: 94.00

Number Of Pages:        19

Filing and Recording Date: 05/17/2022 8:14AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



*Dwight D. Sullivan*, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 5

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 1788 Redfish Lane, Crystal Beach, TX 77650

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated May 9, 2022 made and executed by Linda Swarzman to Riverbend Funding, LLC, upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $668,250.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on May 17, 2022 as Instrument Number 2022033225 in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture                                                                                                              Filing.
**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 13 day of May, 2022.

Property covered by said Deed of Trust is briefly described as follows:
1788 Redfish Ln., Crystal Beach, TX 77650
Property Tax Number: 1945-0001-0009-000 and 1945-0001-0010-000

ASSIGNOR: <u>Riverbend Funding, LLC</u>

SIGNED: _____

BY: <u>Brian Burke</u>

Title: <u>Authorized Signor</u>

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On May 17, 2022 before me, <u>Heather A. Gonzalez</u>, a Notary Public personally appeared <u>Brian Burke</u>, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

Printed Name:

Heather A Gonzalez

- 65 -

## EXHIBIT A

LOTS 9 AND 10, BLOCK A, BREEZY ACRES SUBDIVISION, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 254A, PAGE 71 AND TRANSFERRED TO PLAT RECORD 11, MAP NO. 66, BOTH OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

Property commonly known as: 1788 Redfish Lane, Crystal Beach, TX 77650.

# FILED AND RECORDED

Instrument Number:     *2022052052*

Recording Fee: 34.00

Number Of Pages:     4

Filing and Recording Date: 08/08/2022 11:55AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 6

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this May 25, 2021, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

### RECITALS

A.     Lender has agreed to make a loan (the "**Loan**") to Borrower. The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated May 25, 2021, in the maximum principal amount of up to $174,400.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated May 25, 2021, between Borrower and Lender (the "**Loan Agreement**"). .

B.     Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement. All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.     Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

### AGREEMENT

**Stewart Title**
CIF 1249681
DJ-177 -LC

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)    The real estate described on <u>Exhibit "A"</u> attached hereto (the "**Land**");

(b)    All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)    To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)    All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)    All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of <u>Section 6</u> of this Deed of Trust;

(f)    All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)    To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

RP-2021-310661

2

(i)     Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)     All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)     All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)     All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)     Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.      **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.      **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement. Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.      **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

RP-2021-310661

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4. **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this <u>Section 4</u> (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this <u>Section 4</u> shall require Lender to incur any expense or take any action hereunder.

5. **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6. **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

RP-2021-310661

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this Section 6 cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this Section 6 with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this Section 6 is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this Section 6 is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this Section 6 and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this Section 6 shall terminate upon the release of this Deed of Trust.

7.    **Commercial Code Security Agreement.**

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("**UCC**") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)    Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)    Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)    Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)    To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)    The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

RP-2021-310661

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property: (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower.**    Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  "**Transfer**" means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)     any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)     (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)     the execution of any agreements to do any of the foregoing.

## 11.    Events of Default; Acceleration of Indebtedness.

The occurrence of an "Event of Default" under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an "Event of Default" under this Deed of Trust, including but not limited to, a Transfer in violation of Section 10 above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an "Event of Default" under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

## 12.    Entry; Foreclosure.

(a)     Surrender Possession. Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower. If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree. Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    Pursue Remedies.    When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    Trustee's Sale.    Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing. In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction. Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale.  In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind.  If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales.  Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure.  If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance.  This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)    <u>Rescission of Notice of Sale</u>.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)    <u>Rights and Remedies Cumulative</u>.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

RP-2021-310661

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.    **Expenditures and Expenses.**

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.    **Application of Proceeds of Foreclosure Sale.**

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.    **Appointment of Receiver.**

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.   **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.   **Trustee Provisions**.

(a)      From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)      From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.   **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.    **Waiver of Statute of Limitations and Marshaling**.

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.    **Waiver of Homestead and Redemption**.

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.    **Governing Law; Severability**.

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.    **Notice**.

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender.  The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.  **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.  **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence.  Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence.  In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.  **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.  **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.  All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be.  The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.  **Miscellaneous**.

(a)  **Time is of the Essence**.  Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)  **WAIVER OF TRIAL BY JURY**.  **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

RP-2021-310661

(c) <u>ENTIRE AGREEMENT</u>. THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d) <u>Waivers</u>. Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e) <u>Taxes</u>. Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

RP-2021-310661

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n)  individual

By: _X_ *Linda Swarzman*
Name: _LINDA SWARZMAN_
Its: _BORROWER_

STATE OF _California_

COUNTY OF _Los Angeles_

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared _Linda Swarzman_ known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _27_ day of _May_ 20 _2[?]_.

[Personalized Seal]

_____
Notary Public in and for the State of California

SHAHZAAD A. AUSMAN
Notary Public - California
Los Angeles County
Commission # 2270699
My Comm. Expires Dec 13, 2022

DEED OF TRUST                    SIGNATURE PAGE

RP-2021-310661

## EXHIBIT "A"

## <u>LEGAL DESCRIPTION</u>

Part of Lots Nine Hundred Thirty-Five (935) and Nine Hundred Thirty-Six (936), in Block Fifty-Three (53), of CLEAR LAKE CITY, SECTION FOUR, an addition in Harris County, Texas, according to the map or plat thereof recorded in/under Volume 107, Page 1, of the Map Records of Harris County, Texas.

RP-2021-310661

RP-2021-310661

# Pages 19

06/04/2021 07:43 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $86.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 7

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 16014 Buccaneer Lane, Houston, TX 77062

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated May 25, 2021 made and executed by Linda Swarzman to Riverbend Funding, LLC,  upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $174,400.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on June 4, 2022 as Instrument number RP-2021-310661 in the Official Records of Harris County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 21 day of January, 2022.

Property covered by said Deed of Trust is briefly described as follows:
16014 Buccaneer Ln., Houston, TX 77062
Property Tax Number: 0966120000936

RP-2022-411789

- 89 -

ASSIGNOR: **Riverbend Funding, LLC**

SIGNED: _____

BY: **Brian Burke**

Title: **Authorized Signor**

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On _February 1, 2022_ before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

Printed Name:

_Heather A Gonzalez_

## EXHIBIT A

Part of Lots Nine Hundred Thirty-Five (935) and Nine Hundred Thirty-Six (936), in Block Fifty-Three (53), of CLEAR LAKE CITY, SECTION FOUR, an addition in Harris County, Texas, according to the map or plat thereof recorded in/under Volume 107, Page 1, of the Map Records of Harris County, Texas.

Property commonly known as: 16014 Buccaneer Lane, Houston, TX 77062.

RP-2022-411789

RP-2022-411789

# Pages 4

08/11/2022 12:55 PM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 8

RP-2022-584071
12/13/2022  ER  $26.00

Recording Requested By:
Churchill Funding I LLC
**After recording mail to:**
Churchill Funding I
LLC
1415 Vantage Park
Drive, Suite 240,
Charlotte, NC, 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### *16014 Buccaneer Ln, Houston, Texas 77062*

For value received, the undersigned holder of the below described security instruments Churchill Funding I LLC (herein "Assignor") whose address is <u>101 W Worthington Ave Ste 240 Charlotte, NC 28203</u>, does hereby grant, sell, assign, transfer and convey unto <u>Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust</u> a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is <u>90 Park Avenue Floor 23, New York, New York 10016</u>, all of its right, title and interest in and to the below described security instruments dated <u>May 25th, 2021</u> made and executed by <u>Linda Swarzman to Riverbend Funding, LLC</u>, subsequently assigned to Churchill Funding I LLC, upon the property described in <u>Exhibit A</u>.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by <u>Linda Swarzman to Riverbend Funding, LLC</u> to secure payment of a loan in the amount of $174,400.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on ____June 4th, 2021____ at Document Number ____2021-310661____, <u>in the Official Records of Harris County, Texas</u> together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this _24_ day of _February_ , 2022.

ASSIGNOR: **Churchill Funding I LLC**

SIGNED: _____

BY: **Travis Masters**

Title: **AUTHORIZED SIGNER**

STATE OF _North Carolina_ )
COUNTY OF _Mecklenburg_ )

On _Feb 24_ , 2022 before me, the undersigned, personally appeared _Travis Masters_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of **Churchill Funding I LLC**, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

BRANDON HERNANDEZ
NOTARY PUBLIC
MECKLENBURG COUNTY
STATE OF NORTH CAROLINA
MY COMMISSION EXPIRES 11-12-2024

_____
Notary Public Signature

Printed Name: _Brandon Hernandez_

My Commission Expires: _11-12-2024_

RP-2022-584071

EXHIBIT A

Part of Lots Nine Hundred Thirty-Five (935) and Nine Hundred Thirty-Six (936), in Block Fifty-Three (53), of CLEAR LAKE CITY, SECTION FOUR, an addition in Harris County, Texas, according to the map or plat thereof recorded in/under Volume 107, Page 1, of the Map Records of Harris County, Texas.

RP-2022-584071

RP-2022-584071

RP-2022-584071

# Pages 4

12/13/2022 08:56 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 9

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT
OF LEASES AND RENTS AND FIXTURE FILING**

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this January 26, 2021, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to Patrick F. Doyle, as trustee, whose address is 6710 Stewart Rd Suite 300, Galveston, TX 77551 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

**RECITALS**

A.    Lender has agreed to make a loan (the "**Loan**") to Borrower. The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated January 26, 2021, in the maximum principal amount of up to $1,044,000.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated January 26, 2021, between Borrower and Lender (the "**Loan Agreement**"). .

B.    Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement. All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.    Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

**AGREEMENT**

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)      The real estate described on <u>Exhibit "A"</u> attached hereto (the "**Land**");

(b)      All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)      To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)      All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)      All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of <u>Section 6</u> of this Deed of Trust;

(f)      All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)      To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)      All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)       Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)       All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)       All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)       All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)       Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.       **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.       **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.       **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4. **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5. **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6. **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust.  Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust.  Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust.  All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents.  Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases.  Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this <u>Section 6</u> cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this <u>Section 6</u> with regard to the Rents.  Borrower and Lender specifically intend that the assignment of Rents in this <u>Section 6</u> is not intended to result in a pro tanto reduction of the Indebtedness.  The assignment of Rents in this <u>Section 6</u> is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned.  Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this <u>Section 6</u> and applies such Rents to the Indebtedness.  Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender.  The assignment of Rents contained in this <u>Section 6</u> shall terminate upon the release of this Deed of Trust.

7.    **<u>Commercial Code Security Agreement.</u>**

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property.  This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("UCC") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)    Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)    Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)    Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)    To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)    The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released.**

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower.**  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  **"Transfer"** means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)      any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)      (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)      the execution of any agreements to do any of the foregoing.

11.    **Events of Default; Acceleration of Indebtedness.**

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of Section 10 above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.    **Entry; Foreclosure.**

(a)      Surrender Possession. Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower. If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree. Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    Pursue Remedies.    When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    Trustee's Sale.    Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing. In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction. Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)   Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale.  In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind.  If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales.  Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment.  In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)   <u>Mixed Collateral</u>.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)   <u>After Foreclosure</u>.  If all or any part of the Property is sold pursuant to this <u>Section 12</u>, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance.  This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)   <u>Uniform Commercial Code</u>.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g) **Rescission of Notice of Sale.** Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located. The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h) **Rights and Remedies Cumulative.** Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located. Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender. Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity. Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies. By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.  **Expenditures and Expenses**.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.  **Application of Proceeds of Foreclosure Sale**.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.  **Appointment of Receiver**.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.    **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.    **Trustee Provisions**.

(a)    From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)    From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.    **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.    **Waiver of Statute of Limitations and Marshaling.**

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.    **Waiver of Homestead and Redemption.**

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.    **Governing Law; Severability.**

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.    **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender.  The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence.  Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence.  In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.  All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be.  The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous**.

(a)    Time is of the Essence.  Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY.  TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)    ENTIRE AGREEMENT.    THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    Waivers.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    Taxes.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n)  individual


By: _Linda Swarzman_

**Name:** _LINDA SWARZMAN_

**Its:** _BORROWER_


STATE OF ~~TEXAS~~ MP California

COUNTY OF _LOS ANGELES_

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared _Linda Swarzman_ , known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 11th day of _Jan_ , 2021 .

[Personalized Seal]

MEGAN PAMULA
COMM. # 2220790
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES County
My Comm. Exp. Nov. 5, 2021

_Megan Pamula_

Notary Public in and for the State of ~~Texas~~ California
MP

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

The West One-half (W-1/2) of Lot Eleven (11) and all of Lots Twelve (12), Thirteen (13) and Fourteen (14), in the Northwest Block of Outlot 67, in the City and County of Galveston, Texas.

# FILED AND RECORDED

Instrument Number:   *2021007917*

Recording Fee: 94.00

Number Of Pages:19

## Filing and Recording Date: 02/01/2021 3:29PM

I hereby certify that this instrument was FILED on the date and time stamped hereon
and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



Dwight D. Sullivan, County Clerk
Galveston County, Texas

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 10

PREPARED BY, AND AFTER RECORDING
RETURN TO:

*Riverbend Funding, LLC*

*3550 Round Barn Blvd., Suite 104*

*Santa Rosa, CA 95403*

*Space Above for Recorder's Use*

## ASSIGNMENT AND CONVEYANCE

### OF

### Deed of Trust

On June 9, 2021 (the "Closing Date"), RIVERBEND FUNDING, LLC, whose address is 3550 Round

Barn Blvd., Suite 104, Santa Rosa, CA 95403, FOR VALUABLE CONSIDERATION, the sufficiency of

which is hereby acknowledged, does hereby sell, transfer, assign, set over and convey to **RF**

**WAREHOUSE I, LLC**, whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, all

beneficial interest under that certain Deed of Trust dated January 26, 2021 by Linda Swarzman, an

individual, to the Trustee, Patrick F. Doyle, and recorded on February 1, 2021, as Official Records

instrument Number 2021007917 of Galveston County, Texas, together with the Promissory Note secured

by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust including all other

documents executed by Linda Swarzman in connection with the Promissory Note.

The property covered by said Deed of Trust is briefly described as follows:

1714 25th St., Galveston, TX 77550

APN: 107107

See legal description attached hereto and made part of here as "Exhibit A".

IN WITNESS WHEREOF, the Owner has caused its name to be signed hereto by its respective officer

thereunto authorized as of the date first above written.

OWNER: RIVERBEND FUNDING, LLC

By: _____

Name: __Brian Burke_____

**Authorized Person**

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On _June 10, 2021_ before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

The West One-half (W-1/2) of Lot Eleven (11) and all of Lots Twelve (12), Thirteen (13) and Fourteen (14), in the Northwest Block of Outlot 67, in the City and County of Galveston, Texas.

Property commonly known as: 1714 25th Street, Galveston, TX 77550.

# FILED AND RECORDED

Instrument Number:    *2021045040*

Recording Fee: 34.00

Number Of Pages:4

Filing and Recording Date: 06/21/2021 12:22PM

I hereby certify that this instrument was FILED on the date and time stamped hereon
and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.

Dwight D. Sullivan, County Clerk
Galveston County, Texas

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 11

Recording Requested By:
Churchill Funding 1 LLC
After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

## CORRECTIVE ASSIGNMENT OF SECURITY INSTRUMENTS

### 1714 25th Street, Galveston, TX 77550

For value received, the undersigned holder of the below described security instruments, RF Warehouse I, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated January 26, 2021 made and executed by Linda Swarzman to RF Warehouse I, LLC, upon the property described in **Exhibit A**.

Identification of Assignment of Leases and Rents being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by Linda Swarzman to RF Warehouse I, LLC to secure payment of a loan in the amount of $1,044,000.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on February 1, 2021 as Instrument Number 2021007917 in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing

That certain Assignment of Leases and Rents having been given by Linda Swarzman to RF Warehouse I, LLC to secure payment of a loan in the amount of $1,044,000.00, which Assignment of Leases and Rents was recorded on February 1, 2021 as Instrument Number 2021007918 in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Assignment of Leases and Rents.

This corrective assignment is being re-recorded due to the previously recorded assignment, which was recorded on 08/03/2022 at Instrument# 2022051218, failing to reference the recording information of the Assignment of Leases and Rents as well as referencing the incorrect assignor.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Assignment of Leases and Rents.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Assignment of Leases and Rents on this 9 day of June, 2021.

Property covered by said Deed of Trust is briefly described as follows:
1714 25th St., Galveston, TX 77550
Property Tax Number: 107107

ASSIGNOR: **RF Warehouse I, LLC**

**SIGNED:** _____

**BY: Brian Burke** _____

**Title**: **Authorized Signor**

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On December 15, 2022 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public                    (NOTARY SEAL)

Printed Name:
Heather A Gonzalez

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

EXHIBIT A

The West One-half(W-1/2) of Lot Eleven (11) and all of Lots Twelve (12), Thirteen (13) and
Fourteen (14), in the Northwest Block ofOutlot 67, in the City and County of Galveston, Texas

Property commonly known as: 1714 25th Street, Galveston, TX 77550.

# FILED AND RECORDED

Instrument Number:      *2022076686*

Recording Fee: 34.00

Number Of Pages:      4

Filing and Recording Date: 12/27/2022 8:49AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



_____
**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 12

**Recording Requested By:**
**Churchill Funding I LLC**
After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### *1714 25th Street, Galveston, Texas 77550*

For value received, the undersigned holder of the below described security instruments. Churchill Funding I, LLC (herein "Assignor") whose address is 101 W Worthington Ave, Suite 240, Charlotte, NC 28203, does hereby grant, sell, assign, transfer and convey unto CL-CH Residential Credit Ops 2, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 90 South 7th Street, Suite 4600, Minneapolis, MN 55402, all of its right, title and interest in and to the below described security instruments dated January 26th, 2021 made and executed Linda Swarzman to Riverbend Funding, LLC, upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC, to secure payment of a loan in the amount of $1,044,000.00 which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on _ February 1st, 2021 _ at Instrument Number __2021007917 __, in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

That certain Assignment of Leases and Rents having been given by Linda Swarzman to Riverbend Funding, LLC, to secure payment of a loan in the amount of $1,044,000.00 which Assignment of Leases and Rents was recorded on ___ February 1st, 2021 ___ at Instrument Number __2021007918 __, in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Assignment of Leases and Rents.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this _22nd_ day of _June_, 2021.

ASSIGNOR: <u>Churchill Funding I LLC</u>

SIGNED: _____

BY: _____
Travis Masters

Title: _____
AUTHORIZED SIGNER

STATE OF _N C_____    )
COUNTY OF _Mecklenburg_    )

On _June 22,_ 2021 before me, the undersigned, personally appeared _S. Travis Masters_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of <u>Churchill Funding I LLC</u>, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

_____
Notary Public Signature

Printed Name: _Annamarie Harrell_
My Commission Expires: _02 / 03 / 2024_

- 130 -

EXHIBIT A

**LEGAL DESCRIPTION**

The West One-half (W-1/2) of Lot Eleven (11) and all of Lots Twelve (12), Thirteen (13) and Fourteen (14), in the Northwest Block of Outlot 67, in the City and County of Galveston, Texas.

# FILED AND RECORDED

Instrument Number:           *2023000472*

Recording Fee: 34.00

Number Of Pages:        4

Filing and Recording Date: 01/04/2023 8:20AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 13

RECORDED BY
SOUTH LAND TITLE, LLC
GF # 6v2184299-m

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this June 07, 2021, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to PATRICK F. DOYLE, DENNIS R. BETTISON, JEFF ADAMS, DONNIE QUINTANILLA, JANA L. HARTNETT, ALBERT G. REDMOND, PETER J. SAPIO, JR. or THEA CLARK, as trustee(s), whose address is 6710 Stewart Rd, Suite 200, Galveston, TX 77551 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

## RECITALS

A.    Lender has agreed to make a loan (the "**Loan**") to Borrower.  The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated June 07, 2021, in the maximum principal amount of up to $255,000.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated June 07, 2021, between Borrower and Lender (the "**Loan Agreement**").  .

B.    Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement.  All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.    Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

## AGREEMENT

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)    The real estate described on <u>Exhibit "A"</u> attached hereto (the "**Land**");

(b)    All of the following (collectively, the "**Improvements**"):    all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)    To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)    All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)    All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of <u>Section 6</u> of this Deed of Trust;

(f)    All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)    To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)      Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)      All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)      All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)      All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)      Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.      **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.      **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.      **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this <u>Section 6</u> cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this <u>Section 6</u> with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this <u>Section 6</u> is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this <u>Section 6</u> is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this <u>Section 6</u> and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this <u>Section 6</u> shall terminate upon the release of this Deed of Trust.

7.    <u>**Commercial Code Security Agreement.**</u>

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("**UCC**") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)     Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)     Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)     Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)     To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)     The information contained in this Section 7 is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  **"Transfer"** means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)    (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)    the execution of any agreements to do any of the foregoing.

## 11.    Events of Default; Acceleration of Indebtedness.

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of <u>Section 10</u> above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

## 12.    Entry; Foreclosure.

(a)    <u>Surrender Possession</u>. Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower. If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree. Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    Pursue Remedies.    When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    Trustee's Sale.    Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing. In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction. Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale.  In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind.  If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales.  Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment.  In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure.  If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance.  This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)    Rescission of Notice of Sale. Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located. The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)    Rights and Remedies Cumulative. Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located. Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender. Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity. Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies. By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.    **Expenditures and Expenses.**

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.    **Application of Proceeds of Foreclosure Sale.**

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.    **Appointment of Receiver.**

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

- 145 -

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

## 16. **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

## 17. **Trustee Provisions**.

(a)        From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)        From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

## 18. **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.     **Waiver of Statute of Limitations and Marshaling.**

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.     **Waiver of Homestead and Redemption.**

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.     **Governing Law; Severability.**

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.     **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.     **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous**.

(a)    *Time is of the Essence*. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)    <u>ENTIRE AGREEMENT</u>.    THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    <u>Waivers</u>.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    <u>Taxes</u>.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n)  individual

By: *Linda Swarzman*
Name: LINDA SWARZMAN
Its: BORROWER

STATE OF ___CA___

COUNTY OF Los Angeles

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared Linda Swarzman , known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 8th day of June , 2021 .

[Personalized Seal]

MICHAEL CHRISTOPHER CABALLERO
Notary Public - California
Los Angeles County
Commission # 2313109
My Comm. Expires Nov 21, 2023

_____
Notary Public in and for the State of California

DEED OF TRUST                 SIGNATURE PAGE

## EXHIBIT "A"

## LEGAL DESCRIPTION

A TRACT OF LAND situated in Division #1, in the subdivision of Section 13 of the Halt & Jones Subdivision on the westerly part of Galveston Island, Galveston County, Texas, described as part of Abstract 121, Patent 1, Volume 1, dated November 28, 1840, conveyed to Harry!. Melcer by C. E. Nelson, et at, by General Warranty Deed dated May 22, 1954, recorded In Volume 1045, Page 489 in the Office of the County Clerk of Galveston County, Texas (OCCGC), said TRACT OF LAND containing 0.215 acre (9,340 square feet) of Land and being further described as follows:

COMMENCING at a found 1/2" steel reinforcement bar (1/2" IR) at the intersection of the West Line of said Metter tract with the North line of San Luis Pass Road (120 foot width);
THENCE N 33° 00' Walong theWest line of the Melcer tract, 2911.06 feet;

THENCE N 57° 00' E, 236.77 feet to a 1/2" IR found in the northeast line of Sixth Street North (Film Code #001-61 - 1523, OCCGC) for the POINT OF BEGINNING;

THENCE N 33° 00' Walong Sixth Street North (50 foot width), 100.00 feet to a set 1/2" IR:

THENCE N 57° 00' E, 93.38 feet to a set A" IR;

THENCE S 33° 33' E 100.00 feet to a set 1/2" IR;

THENCE S 57° 00' W, at 93.38 feet to the POINT OF BEGINNING, containing 0.215 acre (9,340 square feet) of and and being known as the West 1/2 of Lot 208 of BAY HARBOR, an unrecorded subdivision.

# FILED AND RECORDED

Instrument Number:   *2021042114*

Recording Fee: 94.00

Number Of Pages:19

Filing and Recording Date: 06/10/2021 8:06AM

I hereby certify that this instrument was FILED on the date and time stamped hereon
and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 14

.

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 3801 6th Street, Galveston, TX 77554

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated June 7, 2021 made and executed by Linda Swarzman to Riverbend Funding, LLC,  upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $255,000.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on June 10, 2021 as Instrument number 2021042114 in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing.
**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 20 day of December, 2021.

Property covered by said Deed of Trust is briefly described as follows:
3801 6th St., Galveston, TX 77554
Property Tax Number: 128495

ASSIGNOR: **Riverbend Funding, LLC**

SIGNED: _____

BY: **Brian Burke**

Title: **Authorized Signor**

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On December 27, 2021 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

Printed Name:

Heather A Gonzalez

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

EXHIBIT A

A TRACT OF LAND situated in Division #1, in the subdivision of Section 13 of the Halt & Jones Subdivision on the westerly part of Galveston Island, Galveston County, Texas, described as part of Abstract 121, Patent 1, Volume 1, dated November 28, 1840, conveyed to Harry!. Melcer by C. E. Nelson, et at, by General Warranty Deed dated May 22, 1954, recorded In Volume 1045, Page 489 in the Office of the County Clerk of Galveston County, Texas (OCCGC), said TRACT OF LAND containing 0.215 acre (9,340 square feet) of Land and being further described as follows:

COMMENCING at a found 1/2" steel reinforcement bar (1/2" IR) at the intersection of the West Line of said Metter tract with the North line of San Luis Pass Road (120 foot width); THENCE N 33° 00' W along the West line of the Melcer tract, 2911.06 feet; THENCE N 57° 00' E, 236.77 feet to a 1/2" IR found in the northeast line of Sixth Street North (Film Code #001-61 -1523, OCCGC) for the POINT OF BEGINNING; THENCE N 33° 00' W along Sixth Street North (50 foot width), 100.00 feet to a set 1/2" IR: THENCE N 57° 00' E, 93.38 feet to a set A" IR; THENCE S 33° 33' E 100.00 feet to a set 1/2" IR; THENCE S 57° 00' W, at 93.38 feet to the POINT OF BEGINNING, containing 0.215 acre (9,340 square feet) of and and being known as the West 1/2 of Lot 208 of BAY HARBOR, an unrecorded subdivision.

Property commonly known as: 3801 6th Street, Galveston, TX 77554.

**FILED AND RECORDED**

Instrument Number:       *2022052884*

Recording Fee: 34.00

Number Of Pages:        4

Filing and Recording Date: 08/11/2022 10:14AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 15

Recording Requested By:
Churchill Funding I LLC

After recording mail to:
Churchill Funding I LLC
1415 Vantage Park Dr. Ste 240,
Charlotte NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

### *3801 6ᵗʰ St, Galveston, Texas 77554*

For value received, the undersigned holder of the below described security instruments Churchill Funding I LLC (herein "Assignor") whose address is <u>101 W Worthington Ave Ste 240</u> <u>Charlotte, NC 28203,</u> does hereby grant, sell, assign, transfer and convey unto <u>Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust</u> a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is <u>90 Park Avenue Floor 23,</u> <u>New York, New York 10016,</u> all of its right, title and interest in and to the below described security instruments dated <u>June 7ᵗʰ, 2021</u> made and executed by <u>Linda Swarzman to</u> <u>Riverbend Funding, LLC,</u> subsequently assigned to Churchill Funding I LLC, upon the property described in **Exhibit A.**

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by <u>Linda Swarzman to Riverbend Funding, LLC</u> to secure payment of a loan in the amount of $255,000.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on _____ June 10ᵗʰ, 2021_____ at Instrument Number _____2021042114_____, <u>in the Official Records of Galveston County, Texas</u> together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this ⟋13 day of _Jan_, ~~2021~~. 2022

ASSIGNOR: **Churchill Funding I LLC**

SIGNED: _____

BY: _____ **Travis Masters** _____

Title: _____ **AUTHORIZED SIGNER** _____

STATE OF _NC_ )
COUNTY OF _Mecklenburg_

On _Jan 13_, ~~2021~~ 2022 before me, the undersigned, personally appeared _Travis Masters_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of **Churchill Funding I LLC**, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*



Notary Public Signature

Printed Name: _Annamarie Harrell_

My Commission Expires: _02/03/2024_

EXHIBIT A

A TRACT OF LAND situated in Division #1, in the subdivision of Section 13 of the Halt & Jones Subdivision on the westerly part of Galveston Island, Galveston County, Texas, described as part of Abstract 121, Patent 1, Volume 1, dated November 28, 1840, conveyed to Harry I. Melcer by C. E. Nelson, et at, by General Warranty Deed dated May 22, 1954, recorded In Volume 1045, Page 489 in the Office of the County Clerk of Galveston County, Texas (OCCGC), said TRACT OF LAND containing 0.215 acre (9,340 square feet) of Land and being further described as follows:

COMMENCING at a found 1/2" steel reinforcement bar (1/2" IR) at the intersection of the West Line of said Metter tract with the North line of San Luis Pass Road (120 foot width);
THENCE N 33° 00' W along the West line of the Melcer tract, 2911.06 feet;

THENCE N 57° 00' E, 236.77 feet to a 1/2" IR found in the northeast line of Sixth Street North (Film Code #001-61 - 1523, OCCGC) for the POINT OF BEGINNING;

THENCE N 33° 00' W along Sixth Street North (50 foot width), 100.00 feet to a set 1/2" IR:

THENCE N 57° 00' E, 93.38 feet to a set A" IR;

THENCE S 33° 33' E 100.00 feet to a set 1/2" IR;

THENCE S 57° 00' W, at 93.38 feet to the POINT OF BEGINNING, containing 0.215 acre (9,340 square feet) of and and being known as the West 1/2 of Lot 208 of BAY HARBOR, an unrecorded subdivision.

## FILED AND RECORDED

Instrument Number:          *2022072804*

Recording Fee: 34.00

Number Of Pages:        4

Filing and Recording Date: 12/01/2022 9:58AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 16

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this **"Deed of Trust"**) is made as of this October 18, 2021, by Linda Swarzman, a(n) individual (**"Borrower"**), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 (**"Trustee"**), for the benefit of RIVERBEND FUNDING, LLC (**"Lender"**), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

### RECITALS

A.     Lender has agreed to make a loan (the **"Loan"**) to Borrower.  The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated October 18, 2021, in the maximum principal amount of up to $521,600.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the **"Note"**), and (ii) that certain Loan Agreement dated October 18, 2021, between Borrower and Lender (the **"Loan Agreement"**). .

B.     Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the **"Loan Documents"**); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement.  All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the **"Indebtedness"**, and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the **"Obligations"**.

C.     Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

### AGREEMENT

RECORDED AT THE REQUEST
OF FIRST AMERICAN TITLE
GF# - 2c80142

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)     The real estate described on Exhibit "A" attached hereto (the "**Land**");

(b)     All of the following (collectively, the "**Improvements**"): all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)     To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)     All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)     All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of Section 6 of this Deed of Trust;

(f)     All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)     To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)     All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)     Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)     All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)     All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)     All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)     Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.      **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.      **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement. Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.      **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender.  Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property.  Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the "**Default Rate**" (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand.  Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding.  If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower.  If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this Section 6 cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this Section 6 with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this Section 6 is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this Section 6 is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this Section 6 and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this Section 6 shall terminate upon the release of this Deed of Trust.

      7.     **Commercial Code Security Agreement.**

      (a)     To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("UCC") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)     Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)     Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)     Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)     To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)     The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  "Transfer" means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

(c)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)    (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)    the execution of any agreements to do any of the foregoing.

11.    **Events of Default; Acceleration of Indebtedness.**

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of Section 10 above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.    **Entry; Foreclosure.**

(a)    Surrender Possession.  Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower.  If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree.  Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    Pursue Remedies.   When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(e) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    Trustee's Sale.   Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing.  In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction.  Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service.  The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale. In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind. If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales. Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure.  If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance.  This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i)  Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)    Rescission of Notice of Sale.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)    Rights and Remedies Cumulative.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.    **Expenditures and Expenses**.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.    **Application of Proceeds of Foreclosure Sale**.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.    **Appointment of Receiver**.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.    **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.    **Trustee Provisions**.

(a)        From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)        From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.    **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.    **Waiver of Statute of Limitations and Marshaling.**

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.    **Waiver of Homestead and Redemption.**

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.    **Governing Law; Severability.**

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.    **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release.**

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied.**

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference.**

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous.**

(a)    Time is of the Essence. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY.** **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)    ENTIRE AGREEMENT.    THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS.    THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    Waivers.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    Taxes.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER"**:
Linda Swarzman,
a(n)  individual

By: *Linda Swarzman*
Name: LINDA SWARZMAN
Its: BORROWER

STATE OF California

COUNTY OF Los Angeles

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared Linda Swarzma, known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 18th day of October, 20 21.

[Personalized Seal]

~See attachment for Notary Public

_____
Notary Public in and for the State of California

G. M.
10/18/2021

DEED OF TRUST                    SIGNATURE PAGE

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                              CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of _Los Angeles_____  )

On _October 18, 2021_ before me, _Gabriela Hernandez, Notary Public_,
_____Date_____                    Here Insert Name and Title of the Officer
personally appeared ___Linda   Swarzman_____
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> GABRIELA HERNANDEZ
> Notary Public - California
> Riverside County
> Commission # 2358851
> My Comm. Expires May 25, 2025

Signature _____
                    Signature of Notary Public

_____Place Notary Seal Above_____

—————————— **OPTIONAL** ——————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited  ☐ General | ☐ Partner — ☐ Limited  ☐ General |
| ☐ Individual      ☐ Attorney in Fact | ☐ Individual      ☐ Attorney in Fact |
| ☐ Trustee        ☐ Guardian or Conservator | ☐ Trustee        ☐ Guardian or Conservator |
| ☐ Other: | ☐ Other: |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

EXHIBIT "A"

**LEGAL DESCRIPTION**

LOT TWO (2), OF TERRAMAR BEACH, SECTION 5, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 1516, PAGE 149 OF THE DEED RECORDS, LATER TRANSFERRED TO VOLUME 9, PAGE 37 OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:   *2021077427*

Recording Fee: 98.00

Number Of Pages:20

## Filing and Recording Date: 10/22/2021 2:03PM

I hereby certify that this instrument was FILED on the date and time stamped hereon
and RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



Dwight D. Sullivan, County Clerk
Galveston County, Texas

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 17

Recording Requested By:
Churchill Funding I LLC
After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 23170 Gulf Drive, Galveston, TX 77554

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road. Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated October 18. 2021 made and executed by Linda Swarzman to Riverbend Funding, LLC, upon the property described in **Exhibit A.**

Identification of Security Instruments being assigned:

That certain Assignment of Leases and Rents having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $521,600.00, which Assignment of Leases and Rents was recorded on December 29, 2021 as Instrument number 2021093392 in the Official Records of Glaveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Assignment of Leases and Rents **TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever,

subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 10 day of January, 2022.

Property covered by said Deed of Trust is briefly described as follows:
23170 Gulf Dr., Galveston, TX 77554
Property Tax Number: 7014-0000-0002-000

ASSIGNOR: **Riverbend Funding, LLC**

SIGNED: _____

BY: **Brian Burke**

Title: **Authorized Signor**

## ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On January 10, 2022 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

Printed Name:

_Heather A. Gonzalez_

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

EXHIBIT A

LOT TWO (2), OF TERRAMAR BEACH, SECTION 5, A SUBDIVISION IN GALVESTON
COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME
1516, PAGE 149 OF THE DEED RECORDS, LATER TRANSFERRED TO VOLUME 9,
PAGE 37 OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.
Property commonly known as: 23170 Gulf Drive, Galveston, TX 77554.

## FILED AND RECORDED

Instrument Number:        *2022072774*

Recording Fee: 34.00

Number Of Pages:        4

Filing and Recording Date: 12/01/2022 9:06AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 18

**Recording Requested By:**
**Churchill Funding I LLC**
After recording mail to:
1415 Vantage Park Drive,
Suite 240
Charlotte, NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

*23170 Gulf Drive, Galveston, Texas 77554*

For value received, the undersigned holder of the below described security instruments. Churchill Funding I, LLC (herein "Assignor") whose address is <u>101 W Worthington Ave, Suite 240, Charlotte, NC 28203</u>, does hereby grant, sell, assign, transfer and convey unto <u>CFIN 2022-RTL1 Depositor LLC,</u> a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is <u>1415 Vantage Park Drive, Suite 240, Charlotte, NC 28203</u> all of its right, title and interest in and to the below described security instruments dated <u>October 18th 2021</u> made and executed <u>Linda Swarzman to Riverbend Funding LLC,</u> upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement Assignment of Leases and Fixture Filing having been given by <u>Linda Swarzman to Riverbend Funding LLC</u> to secure payment of a loan in the amount of <u>$521,600.00</u> which Deed of Trust, Security Agreement Assignment of Leases and Fixture Filing was recorded on <u>October 22nd, 2021</u> at Document Number <u>2021077427 , in the Official Records of Galveston County, Texas</u> together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement Assignment of Leases and Fixture Filing.

That certain Assignment of Leases and Rents having been given by <u>Linda Swarzman to Riverbend Funding LLC</u> to secure payment of a loan in the amount of <u>$521,600.00</u>, which Assignment of Leases and Rents was recorded on <u>12/29/2021 at Document Number 2021093392, in the Official Records of Galveston County, Texas</u>, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Assignment of Leases and Rents.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

In WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Security Instruments on this __3__ day of __March__ , 2022.

ASSIGNOR: <u>Churchill Funding I LLC</u>

SIGNED: _____

BY: _____ Derrick Land _____

Title: _____ AUTHORIZED SIGNER _____

STATE OF _North Carolina_ )

COUNTY OF _mecklenburg_ )

On _____ March 3 _____, 2022 before me, the undersigned, personally appeared _____ Derrick Land _____ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of <u>Churchill Funding I LLC</u>, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

_Brandon Hernandez_

Notary Public Signature

Printed Name: _Brandon Hernandez_

My Commission Expires: _11-12-2024_

BRANDON HERNANDEZ
NOTARY PUBLIC
MECKLENBURG COUNTY
STATE OF NORTH CAROLINA
MY COMMISSION EXPIRES 11-12-2024

EXHIBIT A

LOT TWO (2), OF TERRAMAR BEACH, SECTION 5, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 1516, PAGE 149 OF THE DEED RECORDS, LATER TRANSFERRED TO VOLUME 9, PAGE 37 OF THE MAP AND/OR PLAT RECORDS OF GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:        *2022074503*

Recording Fee: 34.00

Number Of Pages:        4

Filing and Recording Date: 12/12/2022 3:54PM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 19

Recording Requested By:
Churchill Funding I LLC
After recording mail to:
1415 Vantage Park Drive,
Suite 240
Charlotte, NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

*23170 Gulf Drive, Galveston, Texas 77554*

For value received, the undersigned holder of the below described security instruments. CFIN 2022-RTL1 Depositor LLC (herein "Assignor") whose address is 101 W Worthington Ave, Suite 240, Charlotte, NC 28203, does hereby grant, sell, assign, transfer and convey unto CFIN 2022-RTL1 ISSUER LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1415 Vantage Park Drive, Suite 240, Charlotte, NC 28203 all of its right, title and interest in and to the below described security instruments dated October 18th, 2021 made and executed Linda Swarzman to Riverbend Funding LLC, upon the property described in **Exhibit A.**

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by executed Linda Swarzman to Riverbend Funding LLC to secure payment of a loan in the amount of $521,600.00 which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on October 22nd, 2021    at Document Number    2021077427    , in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

That certain Assignment of Leases and Rents having been given by executed Linda Swarzman to Riverbend Funding LLC to secure payment of a loan in the amount of $521,600.00 which Assignment of Leases and Rents was recorded on December 29th, 2021 at Document Number 2021093392 , in the Official Records of Galveston County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Assignment of Leases and Rents.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this ___7___ day of ___March___, 2022.

ASSIGNOR: CFIN 2022-RTL1 Depositor LLC

SIGNED: _____

BY: ___Derrick Land___

Title: ___AUTHORIZED SIGNER___

STATE OF ___North Carolina___ )
COUNTY OF ___Mecklenburg___ )

On ___March 7___, 2022 before me, the undersigned, personally appeared ___Derrick Land___ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of ___CFIN 2022-RTL1 Depositor LLC___, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

```
BRANDON HERNANDEZ
NOTARY PUBLIC
MECKLENBURG COUNTY
STATE OF NORTH CAROLINA
MY COMMISSION EXPIRES 11-12-2024
```

_____
Notary Public Signature

Printed Name: ___Brandon Hernandez___

My Commission Expires: ___11-12-2024___

## EXHIBIT A

LOT TWO (2), OF TERRAMAR BEACH, SECTION 5, A SUBDIVISION IN GALVESTON COUNTY, TEXAS,
ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 1516, PAGE 149 OF THE DEED
RECORDS, LATER TRANSFERRED TO VOLUME 9, PAGE 37 OF THE MAP AND/OR PLAT RECORDS OF
GALVESTON COUNTY, TEXAS.

# FILED AND RECORDED

Instrument Number:       *2022074562*

Recording Fee: 34.00

Number Of Pages:       4

Filing and Recording Date: 12/13/2022 9:31AM

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Galveston County, Texas.



**Dwight D. Sullivan**, County Clerk
Galveston County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

# Exhibit 20

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT
### OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this May 10, 2021, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

### RECITALS

A.      Lender has agreed to make a loan (the "**Loan**") to Borrower. The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated May 10, 2021, in the maximum principal amount of up to $123,200.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated May 10, 2021, between Borrower and Lender (the "**Loan Agreement**"). .

B.      Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement. All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.      Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

### AGREEMENT



Stewart Title
GF: 1207672
VJ-177-LC

RP-2021-304486

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)    The real estate described on Exhibit "A" attached hereto (the "**Land**");

(b)    All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)    To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)    All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)    All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of Section 6 of this Deed of Trust;

(f)    All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)    To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)      Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)      All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)      All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)      All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)      Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.      **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.      **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.      **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender.  Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property.  Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the **"Default Rate"** (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand.  Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding.  If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower.  If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this <u>Section 6</u> cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this <u>Section 6</u> with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this <u>Section 6</u> is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this <u>Section 6</u> is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this <u>Section 6</u> and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this <u>Section 6</u> shall terminate upon the release of this Deed of Trust.

7.    <u>**Commercial Code Security Agreement.**</u>

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

RP-2021-304486

Commercial Code ("**UCC**") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)      Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)      Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)      Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)      To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)      The information contained in this <u>Section 7</u> is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

RP-2021-304486

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.    **Borrower and Lien Not Released.**

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  **"Transfer"** means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

RP-2021-304486

7

(c)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)    (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)    the execution of any agreements to do any of the foregoing.

11.    **Events of Default; Acceleration of Indebtedness.**

The occurrence of an **"Event of Default"** under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an **"Event of Default"** under this Deed of Trust, including but not limited to, a Transfer in violation of Section 10 above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an **"Event of Default"** under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.    **Entry; Foreclosure.**

(a)    Surrender Possession. Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower. If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree. Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

RP-2021-304486

8

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith.  Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)    Pursue Remedies.  When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to:  (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)    Trustee's Sale.  Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing.  In the event Lender invokes the power of sale:

(i)    Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction.  Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service.  The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)    Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

RP-2021-304486
UNOFFICIAL COPY

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale. In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind. If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales. Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    <u>Mixed Collateral</u>. Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply. Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property. In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property. Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice. The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    <u>After Foreclosure</u>. If all or any part of the Property is sold pursuant to this <u>Section 12</u>, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property. Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property. If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance. This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    <u>Uniform Commercial Code</u>. Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)      Rescission of Notice of Sale.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)      Rights and Remedies Cumulative.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender.  The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.    <u>**Expenditures and Expenses**</u>.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender.  All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust.  In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents.  This provision is separate and several and shall survive the merger of this provision into any judgment.

14.    <u>**Application of Proceeds of Foreclosure Sale**</u>.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in <u>Section 12</u> above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.    <u>**Appointment of Receiver**</u>.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law.  The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

RP-2021-304486

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16. **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17. **Trustee Provisions**.

(a)      From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)      From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18. **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.    **Waiver of Statute of Limitations and Marshaling.**

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.    **Waiver of Homestead and Redemption.**

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.    **Governing Law; Severability.**

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.    **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24. **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25. **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

Borrower Initials

26. **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27. **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28. **Miscellaneous**.

(a)    Time is of the Essence. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

UNOFFICIAL COPY

RP-2021-304486

(c)    ENTIRE AGREEMENT.    THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    Waivers. Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    Taxes. Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

RP-2021-304486

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

"**BORROWER**":
Linda Swarzman,
a(n)  individual

By: X *Linda Swarzman*
Name: *LINDA SWARZMAN*
Its: *BORROWER*

STATE OF ✓ *Hawaii*

COUNTY OF ✓ *Hawaii*

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared *Linda Swarzman*, known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this *13th* day of *MAY*, 20 *21*.

[Personalized Seal]

Notary Public in and for the State of California *Hawaii*
ROSEMARY SCHATZLEIN

MY COMMISSION EXPIRES 7/07/2023

**NOTARY CERTIFICATION**
Doc. Date: *No date* # Pages: *18*
Rosemary Schatzlein     Third Circuit
Doc. Description *DEED OF TRUST, SECURITY AGREEMENT,
ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING*

Notary Signature          *5-13-2021*
                          Date

DEED OF TRUST                SIGNATURE PAGE

RP-2021-304486

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

Lot 91, of GLEN MEADOW SEC 2, an addition in Harris County, Texas, according to the map or plat thereof recorded in/under 151, Page 8 of the Map Records of Harris County, Texas



RP-2021-304486

RP-2021-304486

RP-2021-304486

# Pages 19

06/02/2021 10:16 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $86.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 21

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

### 711 Meadowglen Drive, Baytown, TX 77521

For value received, the undersigned holder of the below described security instruments, Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding I, LLC, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its right, title and interest in and to the below described security instruments dated May 10, 2021 made and executed by Linda Swarzman to Riverbend Funding, LLC,  upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $123,200.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on June 2, 2021 as Instrument Number RP-2021-304486 in the Official Records of Harris County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing.
**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 9 day of June, 2021.

Property covered by said Deed of Trust is briefly described as follows:
711 Meadowglen Dr., Baytown, TX 77521
Property Tax Number: 1004770000091

RP-2022-397311

ASSIGNOR: Riverbend Funding, LLC.

SIGNED: _____

BY: Brian Burke

Title: Authorized Signor

## ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On June 10, 2021 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

(NOTARY SEAL)

Printed Name:

Heather A Gonzalez

RP-2022-397311

EXHIBIT A

Lot 91, of GLEN MEADOW SEC 2, an addition in Harris County, Texas, according to the map
or plat thereof recorded
in/under 151, Page 8 of the Map Records of Harris County, Texas
Property commonly known as: 711 Meadowglen Drive, Baytown, TX 77521.

RP-2022-397311

RP-2022-397311

# Pages 4

08/03/2022 10:38 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $26.00

RP-2022-397311

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 22

RP-2022-570052
12/01/2022  ER  $26.00

Recording Requested By:
Churchill Funding I LLC
After recording mail to:
Churchill Funding I LLC
1415 Vantage Park Dr. Ste 240,
Charlotte NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

### *711 Meadowglen Drive, Baytown, Texas 77521*

For value received, the undersigned holder of the below described security instruments Churchill Funding I LLC (herein "Assignor") whose address is 1 800 Camden Road, Suite 1 07-254, Charlotte, NC 28203, does hereby grant, sell, assign, transfer and convey unto Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 90 Park Avenue Floor 23, New York, New York 10016, all of its right, title and interest in and to the below described security instruments dated May 10th, 2021 made and executed by Linda Swarzman to Riverbend Funding, LLC, subsequently assigned to Churchill Funding I LLC, upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:
That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $123,200.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on __06/02/2021 at __ RP-2021-304486 __, in the Official Records of Harris County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF**, the undersigned Assignor has executed this Assignment of Security Instruments on this 2-2 day of _June_, 2021.

ASSIGNOR: **Churchill Funding I LLLC**
SIGNED:
BY: _S. Travis Masters_
Title: _Authorized Signer_

STATE OF _NC_ )
COUNTY OF _Mecklenburg_ )

On _June 22_____, 2021 before me, the undersigned, personally appeared _S. Travis Masters_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of **Churchill Funding I LLC**, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

Notary Public Signature
Printed Name: _Annamarie Harrell_
My Commission Expires: _02/03/2024_

EXHIBIT A

**LEGAL DESCRIPTION**

Lot 91, of GLEN MEADOW SEC 2, an addition in Harris County, Texas, according to the map or plat thereof recorded in/under 151, Page 8 of the Map Records of Harris County, Texas

RP-2022-570052

RP-2022-570052

RP-2022-570052

# Pages 4

12/01/2022 10:26 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 23

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this May 04, 2021, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

## RECITALS

A.    Lender has agreed to make a loan (the "**Loan**") to Borrower.  The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated May 04, 2021, in the maximum principal amount of up to $101,575.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated May 04, 2021, between Borrower and Lender (the "**Loan Agreement**").  .

B.    Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement.  All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.    Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

## AGREEMENT

InterAmerica Title Group, LLC

GF# _21-04954R_

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)     The real estate described on Exhibit "A" attached hereto (the "**Land**");

(b)     All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)     To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)     All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)     All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of Section 6 of this Deed of Trust;

(f)     All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)     To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)     All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

(i)      Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)      All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)      All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)      All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)      Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.      **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.      **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement.  Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.      **Preservation and Maintenance of Property.**

Borrower shall:  (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender.  Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property.  Any amounts disbursed by Lender pursuant to this Section 4 (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the "**Default Rate**" (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand.  Nothing contained in this Section 4 shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding.  If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; provided, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower.  If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this Section 6 cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this Section 6 with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this Section 6 is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this Section 6 is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this Section 6 and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this Section 6 shall terminate upon the release of this Deed of Trust.

7.    **Commercial Code Security Agreement.**

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

Commercial Code ("UCC") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)     Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)     Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)     Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)     To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)     The information contained in this Section 7 is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

6

(g)    Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

## 8.    **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

## 9.    **Borrower and Lien Not Released**.

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property:  (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.    **Transfer of Property by Borrower**.  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  "**Transfer**" means:

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

(c)     any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)     (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)     the execution of any agreements to do any of the foregoing.

11.    **Events of Default; Acceleration of Indebtedness.**

The occurrence of an "**Event of Default**" under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an "**Event of Default**" under this Deed of Trust, including but not limited to, a Transfer in violation of <u>Section 10</u> above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an "**Event of Default**" under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default.  Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity.  Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

12.    **Entry; Foreclosure.**

(a)     <u>Surrender Possession</u>.  Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower.  If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree.  Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith.  Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)     Pursue Remedies.   When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to:  (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in Section 11(c) below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)     Trustee's Sale.   Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing.  In the event Lender invokes the power of sale:

(i)     Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction.  Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service.  The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)    Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)   Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale.  In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind.  If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales.  Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral.  Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure.  If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property.  Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property.  If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance. This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code.  Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)     _Rescission of Notice of Sale._   Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.   The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)     _Rights and Remedies Cumulative._   Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.   Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement of any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.   Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.   Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.   No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.   Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.   By exercising or by failing to exercise any right, option or election hereunder, Lender

11

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

13.    **Expenditures and Expenses**.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

14.    **Application of Proceeds of Foreclosure Sale**.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in <u>Section 12</u> above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

15.    **Appointment of Receiver**.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.    **Future Advances**.

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.    **Trustee Provisions**.

(a)    From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)    From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.    **Forbearance by Lender Not a Waiver**.

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19.    **Waiver of Statute of Limitations and Marshaling**.

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20.    **Waiver of Homestead and Redemption**.

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21.    **Governing Law; Severability**.

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22.    **Notice**.

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23.    **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.    **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.    **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.    **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.    **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.    **Miscellaneous**.

(a)    <u>Time is of the Essence</u>. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)    **WAIVER OF TRIAL BY JURY**. **TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

(c)    ENTIRE AGREEMENT.    THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)    Waivers.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)    Taxes.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

"BORROWER":
Linda Swarzman,
a(n)  individual


By: *Linda Swarzman*
Name: LINDA SWARZMAN
Its: BORROWER


STATE OF ~~TEXAS~~ California ᔆᵁᴮ

COUNTY OF Los Angeles

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared Linda Swarzman , known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 5 day of May , 2021 .

[Personalized Seal]

Notary Public in and for the State of ~~Texas~~ California
                                                    ᔆᵁᴮ

STEVEN U. BAUTISTA
Notary Public – California
Los Angeles County
Commission # 2205691
My Comm. Expires Aug 13, 2021

## EXHIBIT "A"

Lots 7 and 8, in Block 103, Freeport, an addition in Brazoria County, Texas, according to the map and or plat thereof recorded in Volume 2, Page 95 of the Map or Plat Records, Brazoria County, Texas.

# FILED and RECORDED

Instrument Number: 2021029918

Filing and Recording Date: 05/07/2021 01:24:21 PM  Pages: 19  Recording Fee: $94.00

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Brazoria County, Texas.



Joyce Hudman, County Clerk
Brazoria County, Texas

ANY PROVISION CONTAINED IN ANY DOCUMENT WHICH RESTRICTS THE SALE, RENTAL, OR USE OF
THE REAL PROPERTY DESCRIBED THEREIN BECAUSE OF RACE OR COLOR IS INVALID UNDER
FEDERAL LAW AND IS UNENFORCEABLE.

***DO NOT DESTROY - Warning, this document is part of the Official
Public Record.***

cclerk-regina

# Exhibit 24

After recording mail to.
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### 803 and 807 W 6th Street, Freeport, TX 77541

For value received, the undersigned holder of the below described security instruments.
Riverbend Funding, LLC (herein "Assignor") whose address is 3550 Round Barn Blvd., Suite 104,
Santa Rosa, CA 95403, does hereby grant, sell, assign, transfer and convey unto Churchill Funding
I, LLC, a corporation organized and existing under the laws of the United States of America (herein
"Assignee"), whose address is 1800 Camden Road, Suite 107-254, Charlotte, NC 28203, all of its
right, title and interest in and to the below described security instruments dated May 4, 2021 made
and executed by Linda Swarzman to Riverbend Funding, LLC,  upon the property described in
**Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and
Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure
payment of a loan in the amount of $101,575.00, which Deed of Trust, Security Agreement,
Assignment of Leases and Rents, and Fixture Filing was recorded on May 7, 2021 as
Instrument Number 2021029918 in the Official Records of Brazoria County, Texas
together with the note(s) and obligations therein described, the money due and to become
due thereon with interest, and all rights accrued or to accrue under such Deed of Trust,
Security Agreement, Assignment of Leases and Rents, and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever,
subject only to terms and conditions of the above-described Security Instruments

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of
Security Instruments on this 9 day of June, 2021.

Property covered by said Deed of Trust is briefly described as follows·
803 & 807 W 6th St., Freeport, TX 77541
Property Tax Number: 4200-1042-000 & 4200-1041-000

ASSIGNOR **Riverbend Funding, LLC**

**SIGNED:** _____

**BY: Brian Burke** _____

**Title Authorized Signor**

## ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California

County of Sonoma

On December 15, 2022 before me, Heather A. Gonzalez, a Notary Public personally appeared Brian Burke, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

Printed Name:

Heather A Gonzalez

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

(NOTARY SEAL)

## EXHIBIT A

Lots 7 and 8, in Block 103, Freeport, an addition in Brazoria County, Texas, according to the
map and or plat thereof recorded in Volume 2, Page 95 of the Map or Plat Records, Harris
County, Texas.
Property commonly known as: 803 and 807 W 6th Street, Freeport, TX 77541.

# FILED and RECORDED

Instrument Number: 2022069398

Filing and Recording Date: 12/27/2022 08:57:27 AM  Pages: 4  Recording Fee: $39.00

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Brazoria County, Texas.



_____
Joyce Hudman, County Clerk
Brazoria County, Texas

ANY PROVISION CONTAINED IN ANY DOCUMENT WHICH RESTRICTS THE SALE, RENTAL, OR USE OF
THE REAL PROPERTY DESCRIBED THEREIN BECAUSE OF RACE OR COLOR IS INVALID UNDER
FEDERAL LAW AND IS UNENFORCEABLE.

### *DO NOT DESTROY - Warning, this document is part of the Official Public Record.*

cclerk-kaegan

# Exhibit 25

2022069399 Total Pages: 3

Loan ID: CF054572
UID CR03-CF054572_1214_WC06142022

After Recording Return To:
Westcor Investor Services
401 Plymouth Road, Suite 500
Plymouth Meeting, PA 19462

## ASSIGNMENT OF DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

For valuable consideration paid, **Churchill Funding I LLC,** whose address is **1415 Vantage Park Drive, Suite 240, Charlotte, NC 28203** the holder of the deed of trust, security agreement, assignment of leases and rents and fixture filing described as follows·

**That certain deed of trust, security agreement, assignment of leases and rents and fixture filing described as follows: made by LINDA SWARZMAN to RIVERBEND FUNDING, LLC in the amount of $101,575.00, dated 05/04/2021, recorded on 05/07/2021, at Instrument #: 2021029918, relating to that property commonly known as: 807 W 6th St., Freeport, TX 77541, in the county of BRAZORIA and described as parcel number: 33-01-01-17-276-222. Trustee: 2001 AGENCY CORPORATION**

Which is a lien on the real property, does hereby convey, grant, sell, assign, transfer and set over the described deed of trust, security agreement, assignment of leases and rents and fixture filing together with all interest secured thereby, all liens and any rights due or to become due thereon to **Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust** whose mailing address is **90 Park Avenue Floor 23, New York, New York 10016.**

1
**Property Address: 807 W 6th St., Freeport, TX 77541**

Executed by the undersigned this June 15th, 2022.

**Churchill Funding I LLC, By Westcor Land Title Insurance Company, its attorney-in-fact**

**By:** _____

**Name: NEIL COFFEY**

**Its: AUTHORIZED SIGNATORY**

Power of Attorney Recorded in Maricopa County, AZ in Instrument #: 20220246172.

STATE OF PENNSYLVANIA
COUNTY OF MONTGOMERY

The foregoing instrument was acknowledged before me on June 15th, 2022 by **NEIL COFFEY**, **AUTHORIZED SIGNATORY** of **Westcor Land Title Insurance Company, its attorney-in-fact** for **Churchill Funding I LLC** who is personally known to me or has produced _____ as identification, and furthermore, the aforementioned person has acknowledged that his/her signature was his/her free and voluntary act for the purposes set forth in this instrument.

_____
Notary Public
KATHLEEN BONFIGLIO

My commission expires
05/17/2025

This instrument prepared by: Daniel S. Nathan, Esq., 8940 Main Street, Clarence, NY 14031, 866-333-3081.

Commonwealth of Pennsylvania - Notary Seal
Kathleen Bonfiglio, NOTARY PUBLIC
Montgomery County
My Commission Expires 05/17/2025
Commission Number 1394477

2
**Property Address: 807 W 6th St., Freeport, TX 77541**

# FILED and RECORDED

Instrument Number: 2022069399

Filing and Recording Date: 12/27/2022 08:57:27 AM  Pages: 3  Recording Fee: $35.00

I hereby certify that this instrument was FILED on the date and time stamped hereon and
RECORDED in the OFFICIAL PUBLIC RECORDS of Brazoria County, Texas.



Joyce Hudman, County Clerk
Brazoria County, Texas

ANY PROVISION CONTAINED IN ANY DOCUMENT WHICH RESTRICTS THE SALE, RENTAL, OR USE OF
THE REAL PROPERTY DESCRIBED THEREIN BECAUSE OF RACE OR COLOR IS INVALID UNDER
FEDERAL LAW AND IS UNENFORCEABLE.

## *DO NOT DESTROY - Warning, this document is part of the Official Public Record.*

cclerk-kaegan

# Exhibit 26

RP-2022-236836
05/04/2022 ER $86.00

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FILING (this "**Deed of Trust**") is made as of this April 29, 2022, by Linda Swarzman, a(n) individual ("**Borrower**"), as trustor, whose address is 4460 Libbit Ave, Encino, California 91436, to 2001 Agency Corporation, a Texas corporation, as trustee, whose address is 14160 Dallas Parkway Suite 800, Dallas, TX 75254 ("**Trustee**"), for the benefit of RIVERBEND FUNDING, LLC ("**Lender**"), as beneficiary, whose address is 3550 Round Barn Blvd., Ste. 104, Santa Rosa, CA 95403.

### RECITALS

A.      Lender has agreed to make a loan (the "**Loan**") to Borrower. The Loan is evidenced by (i) that certain Promissory Note Secured by Deed of Trust dated April 29, 2022, in the maximum principal amount of up to $93,000.00 (which note, together with all notes issued in substitution or exchange therefor and all amendments thereto, is hereinafter referred to as the "**Note**"), and (ii) that certain Loan Agreement dated April 29, 2022, between Borrower and Lender (the "**Loan Agreement**"). .

B.      Lender wishes to secure (i) the prompt payment of the Note, together with all interest, premiums and other amounts, if any, due in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Lender on account of any future payments, advances or expenditures made by Lender pursuant to the Note, the Loan Agreement this Deed of Trust or any of the other "Loan Documents" (as hereinafter defined); (ii) the performance of each and every covenant, condition, and agreement contained in the Note, the Loan Agreement, this Deed of Trust, each and every other Deed of Trust now or hereinafter executed by Borrower in connection with the Loan, and any other guaranties, agreements, documents or instruments now or hereafter evidencing or securing the Loan or otherwise executed in connection with the Loan or the Obligations or any and all advances made under the Loan (such documents together with any amendments, modifications, renewals, extensions, supplements or replacements thereof are collectively referred to as the "**Loan Documents**"); (iii) the payment of any and all other debts, claims, obligations, demands, monies, liabilities and indebtedness of any kind or nature now or hereafter owing, arising, due or payable from Borrower, when the document evidencing the same specifically recites the recording information appearing on this Deed of Trust and that it is intended to be secured hereby; and (iv) payment and performance by Borrower of any future advances and other obligations pursuant to the Loan Agreement. All payment obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**", and all other obligations of Borrower to Lender under the Loan or any of the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**".

C.      Borrower hereby acknowledges that it will receive a benefit from Lender making the Loan to Borrower and that this Deed of Trust is given for value, the adequacy of which is hereby agreed to.

### AGREEMENT

RECORDED AT THE REQUEST
OF FIRST AMERICAN TITLE
GF#- 2712/0742-HO4S

RP-2022-236836

NOW, THEREFORE, TO SECURE the repayment of the Indebtedness and the performance of the Obligations, Borrower has executed this Deed of Trust and does hereby irrevocably grant, transfer, set over, convey and assign, to Trustee, IN TRUST, WITH THE POWER OF SALE, and right of entry and possession, under and subject to the terms and conditions hereof, for the benefit and security of Lender, Borrower's interest in all of the following described property now owned or hereafter acquired by Borrower and all proceeds thereof (which property is hereinafter sometimes collectively referred to as the "**Property**"):

(a)    The real estate described on Exhibit "A" attached hereto (the "**Land**");

(b)    All of the following (collectively, the "**Improvements**"):  all buildings, improvements and fixtures of every kind or nature now or in the future situated or to be constructed on the Land; to the extent not owned by tenants, licensees or managers of the Property, all machinery, appliances, equipment, furniture and all other personal property of every kind or nature located in or on, or attached to, or used or to be used in connection with the Land, buildings, structures, improvements or fixtures; to the extent not owned by tenants, licensees or managers of the Property, all building materials and goods procured for use or in connection with the foregoing; and all additions, substitutions and replacements to any of the foregoing;

(c)    To the extent assignable, all plans, specifications, architectural renderings, drawings, soil test reports, other reports of examination or analysis of the Land or the Improvements;

(d)    All easements, rights-of-way, water courses, mineral rights, water rights, air rights and appurtenances in any way belonging, relating or appertaining to any of the Land or Improvements, or which hereafter shall in any way belong, relate or be appurtenant thereto ("**Appurtenances**");

(e)    All agreements affecting the use, enjoyment or occupancy of the Land and/or Improvements now or hereafter entered into (the "**Leases**") and all rents, prepayments, security deposits, termination payments, royalties, profits, issues and revenues from the Land and/or Improvements from time to time accruing under the Leases (the "**Rents**"), whether paid or accruing before or after the filing by or against Borrower of any petition for relief under Title 11 of the United States Code ("**Bankruptcy Code**"), reserving to Borrower, however, so long as no Event of Default (hereinafter defined) hereunder exists, a revocable license to receive and apply the Rents in accordance with the terms and conditions of Section 6 of this Deed of Trust;

(f)    All claims, demands, judgments, insurance proceeds, tax refunds, reserves, deposits, rights of action, awards of damages, compensation, settlements and other rights to the payment of money hereafter made resulting from or relating to (i) the taking of the Land or the Improvements or any part thereof under the power of eminent domain, (ii) any damage (whether caused by such taking, by casualty or otherwise) to the Land, Improvements or Appurtenances or any part thereof, or (iii) the ownership or operation of the Property;

(g)    To the extent assignable, all management contracts, license agreements, service contracts, supply and maintenance agreements, permits, certificates, licenses, approvals, contracts, options, development rights, entitlements and authorizations, however characterized, issued or in any way furnished for the acquisition, construction, development, operation and use of the Land, Improvements and/or Leases, including building permits, environmental certificates, business licenses, licenses, certificates of operation, warranties and guaranties;

(h)    All accounts, contract rights, general intangibles, chattel paper, documents, instruments, inventory, goods, equipment and all books and records relating to the foregoing;

2

RP-2022-236836

(i)     Any monies on deposit with or for the benefit of Lender, including deposits for the payment of real estate taxes and any reserve account or cash collateral;

(j)     All refunds, rebates, reimbursements, reserves, deferred payments, deposits, cost savings, governmental subsidy payments, governmentally-registered credits (such as emissions reduction credits), other credits, waivers and payments, whether in cash or in kind, due from or payable by (i) any federal, state, municipal or other governmental or quasi-governmental agency, authority or district (a "**Governmental Agency**") or (ii) any insurance or utility company relating to any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(k)     All refunds, rebates, reimbursements, credits and payments of any kind due from or payable by any Governmental Agency for any taxes, special taxes, assessments, or similar governmental or quasi-governmental charges or levies imposed upon Borrower with respect to the Property or upon any or all of the Property or arising out of the satisfaction of any conditions imposed upon or the obtaining of any approvals for the development or rehabilitation of the Property;

(l)     All proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Land, Improvements, Appurtenances or any other property of the types described in the preceding granting clauses; and

(m)     Any and all after-acquired right, title or interest of Borrower in and to any property of the types described in the preceding granting clauses.

TO HAVE AND TO HOLD the Property and all parts thereof, together with the rents, issues, profits and proceeds thereof, unto Trustee and his successors and substitutes in this trust and to his or their successors and assigns, IN TRUST, however, upon the terms, provisions and conditions herein set forth.

Borrower does hereby covenant and agree with Lender as follows:

1.     **Payment of Indebtedness; Performance of Obligations.**

Borrower shall promptly pay when due the Indebtedness and shall promptly perform all Obligations, to the extent the Loan Documents require Borrower to do so.

2.     **Use of Property.**

Unless required by applicable law, Borrower shall not permit changes in the use of any part of the Property from the use existing at the time this Deed of Trust was executed, except as otherwise contemplated by or permitted by the Note or the Loan Agreement. Borrower shall not initiate or acquiesce in a change in the zoning classification of the Property without Lender's prior written consent.

3.     **Preservation and Maintenance of Property.**

Borrower shall: (a) not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; (c) keep the Property in good repair and restore or repair promptly, in a good and workmanlike manner, all or any part of the Property to the equivalent of its original condition, subject to ordinary wear and tear, or such other condition as Lender may approve in writing, upon any damage or loss thereto; (d) comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property; (e) provide for management of the Property by Borrower or by a property manager

3

RP-2022-236836

approved by Lender and pursuant to a property management agreement approved by Lender; and (f) give notice in writing to Lender of and, unless otherwise directed in writing by Lender, appear in and defend any action or proceeding purporting to affect the Property, the security granted by the Loan Documents or the rights or powers of Lender. Neither Borrower nor any tenant or other person shall remove, demolish or substantially alter any Improvement on the Land; provided, however, that Borrower shall be permitted to replace fixtures, equipment, machinery and appliances with items of like kind.

4.    **Protection of Lender's Security.**

If (a) Borrower fails to pay the Indebtedness or to perform the Obligations, (b) any action or proceeding is commenced which affects or could affect the Property or Lender's interest therein, including any loss, damage, cost, expense or liability incurred by Lender with respect to (i) any environmental matters relating to the Property, or (ii) the preparation of the commencement or defense of any action or proceeding or any threatened action or proceeding affecting the Loan Documents or the Property, then Lender, at Lender's option (which, in the case of clause (b) shall be taken only following prior notice to Borrower and reasonable opportunity given to Borrower to cure), may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect the Property or Lender's interest therein, including entry upon the Property to take such actions Lender determines appropriate to preserve, protect or restore the Property. Any amounts disbursed by Lender pursuant to this <u>Section 4</u> (including reasonable, out-of-pocket attorneys' fees, costs and expenses), together with interest thereon at the "**Default Rate**" (as defined in the Note) from the date of disbursement, shall become additional Indebtedness of Borrower secured by the lien of this Deed of Trust and the other Loan Documents and shall be due and payable on demand. Nothing contained in this <u>Section 4</u> shall require Lender to incur any expense or take any action hereunder.

5.    **Actions.**

Borrower shall warrant title and appear in and defend any claim or any action or other proceeding purporting to affect title or other interests relating to any part of the Property, the security of this Deed of Trust or the rights of Lender (other than those arising from the alleged gross negligence or willful misconduct of Lender), and give Lender prompt written notice of any such claim, action or proceeding. If Borrower fails to appear in or adequately defend with counsel reasonably satisfactory Lender any such claim, action or proceeding, then Lender may, at the expense of Borrower, appear in and defend any such claim, action or proceeding and any claim, action or other proceeding asserted or brought against Lender in connection with or relating to any part of the Property or this Deed of Trust.

6.    **Assignment of Rents.**

Borrower absolutely and unconditionally assigns and transfers to Lender, all of Borrower's right, title and interest in and to the Rents; <u>provided</u>, however, so long as there shall not have occurred an Event of Default, Borrower shall have the right to collect all Rents, and shall hold the same, in trust, to be applied first to the payment of all impositions, levies, taxes, assessments and other charges upon the Property, second to maintenance of insurance policies upon the Property required hereby, third to the expenses of Property operations, including maintenance and repairs required hereby, fourth to the payment of that portion of the Indebtedness then due and payable, and fifth, the balance, if any, to or as directed by Borrower. If an Event of Default has occurred, Borrower's right to collect and secure the Rents shall automatically cease and Lender shall have the sole right, with or without taking possession of the Property to collect all Rents.

Borrower acknowledges and agrees that, other than as approved in writing by Lender, all Leases shall be subordinate to this Deed of Trust, as this Deed of Trust may be amended from time to time, unless Lender shall

4

RP-2022-236836

specify otherwise at any time during the term of this Deed of Trust. Each Lease executed subsequent to the recording of this Deed of Trust shall contain a provision permitting Lender to notify the tenant at any time that the Lease will be prior to the Deed of Trust. Lender shall be a third party beneficiary of all attornment provisions contained in all Leases executed subsequent to this Deed of Trust. All tenants who execute leases or lease amendments subsequent to the date of recording of this Deed of Trust shall be bound by the terms of this provision.

Borrower shall not be authorized to enter into any lease of the Property or grant any easement rights relating to the Property, without Lender's prior written approval.

The foregoing assignment transfers to Lender all of Borrower's right, title, and interest in any security deposits, provided that Borrower shall have the right to retain the security deposit so long as there is no Event of Default under this Deed of Trust or the Loan Documents. Lender shall have no obligation to any tenant with respect to its security deposit unless and until Lender comes into possession and control of the deposit.

Borrower acknowledges that Lender and Trustee have taken all actions necessary to obtain, and that upon recordation of this Deed of Trust, Lender and Trustee shall have, to the extent permitted under applicable law, a valid and fully perfected, first priority, present assignment of the Rents arising out of the Leases and all security for such Leases. Borrower acknowledges and agrees that upon recordation of this Deed of Trust, Trustee's and Lender's interest in the Rents shall be deemed to be fully perfected, "choate" and enforced as to Borrower and all third parties, including, without limitation, any subsequently appointed trustee in any case under the Bankruptcy Code, without the necessity of commencing a foreclosure action with respect to this Deed of Trust, making formal demand for the Rents, obtaining the appointment of a receiver or taking any other affirmative action.

Borrower, Trustee and Lender agree that (a) this Deed of Trust shall constitute a "security agreement" for the purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed of Trust extends to property of Borrower acquired before the commencement of a case in bankruptcy and to all amounts paid as Rents and (c) such security interest shall extend to all Rents acquired by the estate after the commencement of any case in bankruptcy.

In no event shall the assignment of Rents in this <u>Section 6</u> cause the Indebtedness to be reduced by an amount greater than the Rents actually received by Lender and applied by Lender to the Indebtedness, whether before, during or after (a) an Event of Default, or (b) a suspension or revocation of the license granted to Borrower in this <u>Section 6</u> with regard to the Rents. Borrower and Lender specifically intend that the assignment of Rents in this <u>Section 6</u> is not intended to result in a pro tanto reduction of the Indebtedness. The assignment of Rents in this <u>Section 6</u> is not intended to constitute a payment of the Indebtedness and, therefore, Borrower and Lender specifically intend that the Indebtedness shall not be reduced by the value of the Rents and Leases assigned. Such reduction shall occur only if, and to the extent that, Lender actually receives Rents pursuant to this <u>Section 6</u> and applies such Rents to the Indebtedness. Borrower agrees that the value of the license granted with regard to the Rents equals the value of the absolute assignment of Rents to Lender. The assignment of Rents contained in this <u>Section 6</u> shall terminate upon the release of this Deed of Trust.

7.    **Commercial Code Security Agreement.**

(a)    To secure to Lender the repayment of the Indebtedness, and all renewals, extensions and modifications thereof, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower hereby pledges, assigns, and grants to Lender a continuing security interest in the Personal Property. This Deed of Trust shall constitute a "security agreement" pursuant to the Texas Uniform

5

RP-2022-236836

Commercial Code ("UCC") for any portion of the Property now owned or hereafter acquired by Borrower, including, without limitation, any trustee receipts, which, under applicable law, may be subject to a security interest pursuant to the UCC (such portion of the Property is hereinafter called the "**Personal Property**"), and Borrower hereby grants to Lender a security interest in the Personal Property. Any reproduction of this Deed of Trust or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Lender shall have all of the rights and remedies of a secured party under the UCC as well as other rights and remedies available at law or in equity.

(b)     Borrower agrees to deliver to Lender any financing statements and further assurances, as well as extensions, renewals and amendments thereof, and reproductions of this Deed of Trust in such form as Lender may reasonably require to perfect a security interest with respect to the Personal Property. Borrower hereby authorizes and empowers Lender to execute and file all financing statements and refilings and continuations thereof as Lender deems necessary or advisable to create, preserve and protect such lien. Borrower shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements as Lender may reasonably require. Without limitation of the foregoing, if an Event of Default occurs and is continuing, Lender shall be entitled immediately to exercise all remedies available to it under the UCC. Borrower's (Debtor's) principal place of business is at the address set forth in the first paragraph of this Deed of Trust. Lender's (Secured Party's) principal place of business is at the address set forth in first paragraph of this Deed of Trust.

(c)     Any party to any contract subject to the security interest granted herein shall be entitled to rely on the rights of Lender without the necessity of any further notice or action by Borrower. Lender shall not by reason of this Deed of Trust or the exercise of any right granted hereby be obligated to perform any obligation of Borrower with respect to any portion of the Personal Property nor shall Lender be responsible for any act committed by Borrower, or any breach or failure to perform by Borrower with respect to any portion of the Personal Property.

(d)     Borrower shall not, without the prior written consent of Lender, sell, assign, transfer, encumber, remove or permit to be removed from the Property any of the Personal Property, other than the sale, assignment, transfer or consumption of inventory in the ordinary course of business or in connection with the renovation and rehabilitation of the Improvements as contemplated or permitted by the Note. So long as no Event of Default exists, Borrower may sell or otherwise dispose of the Personal Property when obsolete, worn out, inadequate or unserviceable, but only upon replacing the same with other Personal Property at least equal in value and utility to the disposed Personal Property; provided, further, so long as no Event of Default exists, Borrower may sell or otherwise dispose of Personal Property that is unnecessary for use in the operation of the Property, and in such event, Borrower shall not be obligated to substitute or replace Personal Property unnecessary for use in the operation of the Property, as determined by Borrower in their reasonable business judgment. Any replacement or substituted Personal Property shall be subject to the security interest granted herein.

(e)     To the extent permitted by law, Borrower and Lender agree that with respect to all items of Personal Property which are or will become fixtures on the Land, this Deed of Trust, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture filing" within the meaning of Sections 9.102(a)(40) and 9.502 of the UCC. Borrower is the record owner of the Land.

(f)     The information contained in this _Section 7_ is provided in order that this Deed of Trust shall comply with the requirements of the Uniform Commercial Code as presently in effect in the State of Texas for mortgages to be effective as financing statements filed as a fixture filing.

RP-2022-236836

6

(g)     Upon the occurrence of an Event of Default under this Deed of Trust, the Loan Agreement or any other Loan Document, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply.  Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property.  In such event, Lender shall designate Trustee to conduct the sale of the Personal Property in combination with the sale of the remainder of the Property.  Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law.  The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, five (5) days' notice of the sale of the Personal Property shall be reasonable notice.  The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, attorneys' fees, costs and expenses, and other expenses incurred by Lender.

8.     **Estoppel Certificate.**

Borrower shall, within twenty (20) days after Lender's request, furnish Lender with a written statement, duly acknowledged by Borrower or a property manager, setting forth the sums, according to Borrower's books and records, secured by the Loan Documents and any right of set-off, counterclaim or other defense which exists against such sums and the Obligations.

9.     **Borrower and Lien Not Released.**

Without affecting the liability of Borrower or any other person liable for the payment of the Indebtedness, and without affecting the lien or charge of this Deed of Trust as security for the payment of the Indebtedness, Lender may from time to time and without notice to any junior lien holder or holder of any right or other interest in and to the Property: (a) release any person so liable; (b) waive or modify any provision of this Deed of Trust or the other Loan Documents or grant other indulgences; (c) release all or any part of the Property; (d) take additional security for any obligation herein mentioned; (e) subordinate the lien or charge of this Deed of Trust; (f) consent to the granting of any easement; or (g) consent to any map or plan of the Property.

10.     **Transfer of Property by Borrower.**  Borrower shall not allow any Transfer (as defined below) to occur.  Borrower agrees that, in the event of any Transfer without the prior written consent of Lender, Lender shall have the absolute right, without prior demand or notice, to declare all of the Obligations immediately due and payable.  Consent to one Transfer shall not be deemed to be a waiver of the right to require consent to future or successive Transfers.  **"Transfer"** means:

(a)     any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property or any part thereof or interest therein to or in any person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Exceptions (as defined in the Loan Agreement);

(b)     any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

7

RP-2022-236836

(c)     any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest in Borrower, or in any partner, member or shareholder in Borrower, to or in any person (if Borrower or any partner, member or shareholder in Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise;

(d)     (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower, or in any partner, member or shareholder in Borrower, to or in any person or (ii) any consolidation or merger of Borrower, or of any partner, member or shareholder in Borrower, into or with any person (in each of (i) or (ii) above, if Borrower or any partner, member or shareholder in Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise; or

(e)     the execution of any agreements to do any of the foregoing.

## 11.     **Events of Default; Acceleration of Indebtedness.**

The occurrence of an "**Event of Default**" under and as defined in the Note, the Loan Agreement or any other Loan Document shall constitute an "**Event of Default**" under this Deed of Trust, including but not limited to, a Transfer in violation of <u>Section 10</u> above. Borrower's failure to meet or perform any of its obligations under this Deed of Trust after any applicable cure period has ended shall also constitute an "**Event of Default**" under this Deed of Trust.

All notices and cure periods described herein shall not be applicable to any event which with the giving of notice, the passage of time or both would constitute an Event of Default, if such event has occurred as of the date on which Lender commences a nonjudicial foreclosure proceeding with respect to another Event or Events of Default. Such event shall constitute an independent Event of Default hereunder.

Upon the occurrence and during the continuation of an Event of Default, at the option of Lender, the Indebtedness may be declared immediately due and payable without notice to Borrower and Lender shall be entitled to all of the rights and remedies provided in the Loan Documents or at law or in equity. Each remedy provided in the Loan Documents, is distinct and cumulative to all other rights or remedies under the Loan Documents, or afforded by law or equity, and may be exercised concurrently, independently, or successively, in any order whatsoever.

## 12.     **Entry; Foreclosure.**

(a)     <u>Surrender Possession.</u>  Upon the occurrence and during the continuation of an Event of Default, Borrower, upon demand of Lender, shall forthwith surrender to Lender the actual possession of the Property, or to the extent permitted by law, Trustee or Lender, or their officers or agents or a receiver appointed by a court of competent jurisdiction, may enter and take possession of all or any part of the Property, and may exclude Borrower and their agents and employees wholly therefrom, and may have joint access with Borrower to the books, papers and accounts of Borrower.  If Borrower shall for any reason fail to surrender or deliver the Property or any part thereof after such demand by Lender, Lender, Trustee or such receiver may obtain a judgment or decree conferring on Lender, Trustee or such receiver the right to immediate possession of the Property or requiring the delivery of the Property to Lender, Trustee or such receiver, and Borrower specifically consent to the entry of such judgment or decree.  Upon every such entering upon or taking of possession, Lender, Trustee or such receiver may hold, store, use, operate, manage and control the Property and conduct the business thereof, and Lender or such receiver may take any action required by applicable law or which Lender or such receiver believes necessary to enforce compliance with the environmental provisions contained herein

8

RP-2022-236836

or in the other Loan Documents, and negotiate with governmental authorities with respect to the Property's environmental compliance and remedial measures in connection therewith. Lender and such receiver and their representatives shall have no liability for any loss, damage, injury, cost or expense resulting from any action or omission which was taken or omitted in good faith.

(b)     <u>Pursue Remedies</u>. When the Indebtedness or any part thereof shall become due, whether by acceleration or otherwise, Lender may, either with or without entry or taking possession as herein provided or otherwise, proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (i) enforce payment of the Note or the performance of any term, covenant, condition or agreement of Borrower under any of the Loan Documents; (ii) foreclose the lien hereof for the Indebtedness or part thereof by power of sale, commencement of action or otherwise, as more particularly described in <u>Section 11(c)</u> below or otherwise and sell the Property as an entirety or otherwise, as Lender may determine; and/or (iii) pursue any other right or remedy available to it under or by the law and decisions of the state in which the Land is located. Notwithstanding any statute or rule of law to the contrary, the failure to join any tenant or tenants of the Property as party defendant or defendants in any foreclosure action or the failure of any such order or judgment to foreclose their rights shall not be asserted by Borrower as a defense in any civil action instituted to collect (A) the Indebtedness, or any part thereof, or (B) any deficiency remaining unpaid after foreclosure and sale of the Property.

(c)     <u>Trustee's Sale</u>. Borrower acknowledges that the power of sale granted in this Security Instrument may be exercised or directed by Lender without prior judicial hearing. In the event Lender invokes the power of sale:

(i)     Lender may, by and through the Trustee, or otherwise, sell or offer for sale the Property in such portions, order and parcels as Lender may determine, with or without having first taken possession of the Property, to the highest bidder for cash at public auction. Such sale shall be made at the courthouse door of the county in which all or any part of the Property to be sold is situated (whether the parts or parcel, if any, situated in different counties are contiguous or not, and without the necessity of having any Personal Property present at such sale) on the first Tuesday of any month between the hours of 10:00 a.m. and 4:00 p.m., after advertising the time, place and terms of sale and that portion of the Property to be sold by posting or causing to be posted written or printed notice of sale at least twenty-one (21) days before the date of the sale at the courthouse door of the county in which the sale is to be made and at the courthouse door of any other county in which a portion of the Property may be situated, and by filing such notice with the County Clerk(s) of the county(s) in which all or a portion of the Property may be situated, which notice may be posted and filed by the Trustee acting, or by any person acting for the Trustee, and Lender has, at least twenty-one (21) days before the date of the sale, served written or printed notice of the proposed sale by certified mail on each debtor obligated to pay the Indebtedness according to Lender's records by the deposit of such notice, enclosed in a postpaid wrapper, properly addressed to such debtor at debtor's most recent address as shown by Lender's records, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service;

(ii)     Trustee shall deliver to the purchaser at the sale, within a reasonable time after the sale, a deed conveying the Property so sold in fee simple with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained in those recitals;

(iii)     Trustee shall be entitled to receive fees and expenses from such sale not to exceed the amount permitted by applicable law; and

9

RP-2022-236836

(iv)    Lender shall have the right to become the purchaser at any sale made under or by virtue of this Deed of Trust and Lender so purchasing at any such sale shall have the right to be credited upon the amount of the bid made therefor by Lender with the amount payable to Lender out of the net proceeds of such sale. In the event of any such sale, the outstanding principal amount of the Indebtedness, if not previously due, shall be and become immediately due and payable without demand or notice of any kind. If the Property is sold for an amount less than the amount outstanding under the Indebtedness, the deficiency shall be determined by the purchase price at the sale or sales. Borrower waives all rights, claims, and defenses with respect to Lender's ability to obtain a deficiency judgment. In any action for a deficiency after a foreclosure under this Deed of Trust, if any person against whom recovery is sought requests the court in which the action is pending to determine the fair market value of the Property, as of the date of the foreclosure sale, the following shall be the basis of the court's determination of fair market value; provided that Borrower and any guarantor hereby waive any rights to contest the amount of the deficiency claim afforded to Borrower and such guarantor under Tex. Prop. Code Sections 51.003; 51.004 and 51.005

(d)    Mixed Collateral. Upon the occurrence and during the continuation of an Event of Default under this Deed of Trust, Lender, pursuant to the appropriate provisions of the UCC, shall have an option to proceed with respect to both the real property portion of the Property and the Personal Property in accordance with its rights, powers and remedies with respect to such real property, in which event the default provisions of the UCC shall not apply. Such option shall be revocable by Lender as to all or any portion of the Personal Property at any time prior to the sale of the remainder of the Property. In such event Lender shall, or shall designate Trustee to, conduct the sale of the Personal Property in combination with the sale of the remainder of the Property. Should Lender elect to sell the Personal Property or any part thereof which is real property or which Lender has elected to treat as real property or which may be sold together with the real property as provided above, Lender or Trustee shall give such notice of default and election to sell as may then be required by law. The parties agree that if Lender shall elect to proceed with respect to any portion of the Personal Property separately from such real property, ten (10) days' notice of the sale of the Personal Property shall be reasonable notice. The reasonable out-of-pocket expenses of retaking, holding, preparing for sale, selling and the like incurred by Lender shall include, but not be limited to, reasonable attorneys' fees, costs and expenses, and other reasonable out-of-pocket expenses incurred by Lender.

(e)    After Foreclosure. If all or any part of the Property is sold pursuant to this Section 12, Borrower will be divested of any and all interest and claim to the Property, including any interest or claim to all insurance policies, utility deposits, bonds, loan commitments and other intangible property included as a part of the Property. Additionally, after a sale of all or any part of the Land, Improvements, fixtures and Personal Property, Borrower will be considered a tenant at sufferance of the purchaser of the same, and the purchaser shall be entitled to immediate possession of such property. If Borrower shall fail to vacate the Property immediately, the purchaser may and shall have the right, without further notice to Borrower, to go into any justice court in any precinct or county in which the Property is located and file an action in forcible entry and detainer, which action shall lie against Borrower or its assigns or legal representatives, as a tenant at sufferance. This remedy is cumulative of any and all remedies the purchaser may have under this Deed of Trust or the other Loan Documents.

(f)    Uniform Commercial Code. Notwithstanding anything to the contrary in this Deed of Trust, upon the occurrence and during the continuation of an Event of Default, Lender may exercise its rights of enforcement with respect to the Personal Property under the UCC, and in conjunction with, in addition to or in substitution for those rights and remedies:

(i) Lender may enter upon the Property to take possession of, assemble and collect the Personal Property or to render it unusable;

10

(ii) Lender may require Borrower to assemble the Personal Property and make it available at a place Lender designates which is mutually convenient to Lender to take possession or dispose of the Personal Property;

(iii) any sale made pursuant to the provisions of this paragraph shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with the sale of the Property under power of sale as provided herein upon giving the same notice with respect to the sale of the Personal Property hereunder as is required for such sale of the Property under power of sale;

(iv) in the event of a foreclosure sale, whether made by the Trustee under the terms hereof, or under judgment of a court, the Personal Property and the Property may, at the option of Lender, be sold as a whole;

(v) it shall not be necessary that Lender take possession of the Personal Property or any part thereof prior to the time that any sale pursuant to the provisions of this paragraph is conducted and it shall not be necessary that the Personal Property or any part thereof be present at the location of such sale; and

(vi) Lender may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Lender, including the sending of notices and the conduct of the sale, but in the name and on behalf of Lender.

(g)    Rescission of Notice of Sale.  Lender may from time to time rescind any notice of default or notice of sale before any Trustee's sale as provided above in accordance with the laws of the state in which the Land is located.  The exercise by Lender of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Lender to execute and deliver to Trustee, as above provided, other declarations or notices of default to satisfy the obligations of this Deed of Trust, or otherwise affect any provision, covenant or condition of any Loan Document or any of the rights, obligations or remedies of Trustee or Lender hereunder or thereunder.

(h)    Rights and Remedies Cumulative.  Trustee and Lender shall have all powers, rights and remedies under applicable law whether or not specifically or generally granted or described in this Deed of Trust. Nothing contained herein shall be construed to impair or to restrict such powers, rights and remedies or to preclude any procedures or process otherwise available to trustees or beneficiaries under deeds of trust in the state in which the Land is located.  Trustee and Lender, and each of them, shall be entitled to enforce the payment and performance of the Indebtedness or the Obligations and to exercise all rights and powers under this Deed of Trust or under any other Loan Document or other agreement or any laws now or hereafter in force, notwithstanding the fact that some or all of the Indebtedness and the Obligations may now or hereafter be otherwise secured, whether by deed of trust, mortgage, pledge, lien, assignment or otherwise.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers contained herein, shall prejudice or in any manner affect Trustee's or Lender's right to realize upon or enforce any other rights or security now or hereafter held by Trustee or Lender.  Trustee and Lender, and each of them, shall be entitled to enforce this Deed of Trust and any other rights or security now or hereafter held by Lender or Trustee in such order and manner as they or either of them may in their absolute discretion determine.  No remedy herein conferred upon or reserved to Trustee or Lender is intended to be exclusive of any other remedy contained herein or by law provided or permitted, but each shall to the extent permitted by law be cumulative and in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.  Every power or remedy given by any of the Loan Documents to Trustee or Lender, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Lender, and either of them may pursue inconsistent remedies.  By exercising or by failing to exercise any right, option or election hereunder, Lender

11

RP-2022-236836

shall not be deemed to have waived any provision hereof or to have released Borrower from any of the obligations secured hereby unless such waiver or release is in writing and signed by Lender. The waiver by Lender of Borrower's failure to perform or observe any term, covenant or condition referred to or contained herein to be performed or observed by Borrower shall not be deemed to be a waiver of such term, covenant or condition or of any subsequent failure of Borrower to perform or observe the same or any other such term, covenant or condition referred to or contained herein, and no custom or practice which may develop between Borrower and Lender during the term hereof shall be deemed a waiver of or in any way affect the right of Lender to insist upon the performance by Borrower of the obligations secured hereby in strict accordance with the terms hereof or of any other Loan Document.

### 13.   **Expenditures and Expenses**.

In any action to foreclose the lien hereof or otherwise enforce Lender's rights and remedies hereunder, there shall be allowed and included as additional Indebtedness all costs and expenses outlined in the Note which may be paid or incurred by or on behalf of Lender. All costs, expenses and fees as may be incurred or as may be owing by Lender in the protection of the Property and the maintenance of the lien of this Deed of Trust, including the reasonable out-of-pocket fees, costs and expenses of any attorneys employed by Lender in any litigation or proceeding affecting this Deed of Trust, the Note, the Loan Agreement, the other Loan Documents, the Property or the Personal Property, including probate, appellate and bankruptcy proceedings, or in preparations for the commencement or defense of any action or proceeding or threatened action or proceeding, including reasonable costs and expenses in connection with obtaining any court order or the appointment of a receiver to enforce Lender's rights shall be immediately due and payable to Lender, with interest thereon at the Default Rate, and shall be secured by this Deed of Trust. In addition to the foregoing award of attorney's fees, costs and expenses, Lender shall be entitled to its reasonable out-of-pocket attorneys' fees, costs and expenses incurred in any post-judgment proceedings to collect or enforce any judgment or order relating to this Deed of Trust, the Note, the Loan Agreement secured hereby or the other Loan Documents. This provision is separate and several and shall survive the merger of this provision into any judgment.

### 14.   **Application of Proceeds of Foreclosure Sale**.

After deducting all reasonable out-of-pocket costs, fees and expenses of Trustee and of this Deed of Trust, including, without limitation, costs of evidence of title and actual and customary attorneys' fees, costs and expenses of Trustee and Lender in connection with a sale as provided in Section 12 above, the proceeds of any foreclosure sale of the Property shall be distributed and applied in the order of priority set forth in the Note with the remainder, if any, to be distributed to the person or persons legally entitled thereto.

### 15.   **Appointment of Receiver**.

If an Event of Default is continuing or if Lender shall have accelerated the Indebtedness, Lender, upon application to a court of competent jurisdiction, whether in conjunction with Lender's commencement of judicial proceedings to foreclose the lien hereof, or pursuant to other proceedings, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value of the Property or any other security for the Indebtedness or the insolvency of any party bound for its payment, to the appointment, at its option, of itself as mortgagee in possession, or of a receiver to take possession of and to operate the Property or any portion thereof, and to collect and apply the Rents, and Borrower hereby irrevocably consents to such appointment and waive notice of any application therefor. The receiver shall have all of the rights and powers to the fullest extent permitted by law. The receiver shall have the right to apply Rents to cleanup, remediation or other response action concerning the release or threatened release of "Hazardous Materials" (as defined in the Environmental Indemnity Agreement) in violation of "Environmental Laws" (as defined in the Environmental

12

RP-2022-236836

Indemnity Agreement), whether or not such actions are pursuant to an order of any federal, state or local governmental agency.

16.    **Future Advances.**

This Deed of Trust is given to secure not only the existing Indebtedness, but also future advances (whether such advances are obligatory or are made at the option of Lender, or otherwise) made by Lender under the Note, the Loan Agreement, this Deed of Trust or any other Loan Document, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but all Indebtedness secured hereby shall in no event exceed two (2) times the aggregate face amount of the Note.

17.    **Trustee Provisions.**

(a)    From time to time upon written request of Lender and presentation of this Deed of Trust for endorsement and without affecting the personal liability of any person for payment of the Indebtedness or performance of the Obligations, Trustee may, without liability therefor and without notice: (i) reconvey all or any part of the Property; (ii) consent to the making of any map or plat thereof; (iii) join in granting any easement thereon; join in any declaration of covenants and restrictions; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof. Trustee or Lender may from time to time apply in any court of competent jurisdiction for aid and direction in the execution of the trusts hereunder and the enforcement of the rights and remedies available hereunder, and Trustee or Lender may obtain orders or decrees directing or confirming or approving acts in the execution of such trusts and the enforcement of such remedies. Trustee has no obligation to notify any party of any pending sale or any action or proceeding unless held or commenced and maintained by Trustee under this Deed of Trust. Borrower shall pay to Trustee reasonable compensation and reimbursement for services and expenses in the enforcement of the trusts created hereunder, including its reasonable out-of-pocket attorney's fees, cost and expenses. Borrower shall indemnify Trustee and Lender against all losses, claims, demands and liabilities which either may incur, suffer or sustain in the execution of the trusts created hereunder or in the performance of any act required or permitted hereunder or by law, other than any such losses, claims, demand and/or liabilities arising out of the negligence or willful misconduct of Trustee, its employees, officers, directors, partners, members, shareholders or agents. If Trustee shall die, resign or become disqualified from acting under this Deed of Trust or shall fail or refuse to act in accordance with this Deed of Trust when requested by Lender or if for any reason and without cause Lender shall prefer to appoint a substitute trustee to act instead of the original Trustee named in this Deed of Trust or any prior successor or substitute trustee, Lender shall have full power to appoint a substitute trustee and, if preferred, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the original Trustee named in this Deed of Trust.

(b)    From time to time, by a writing signed by Lender, Lender may appoint another trustee to act in the place and stead of Trustee or any successor, with the same effect as if originally named Trustee herein.

18.    **Forbearance by Lender Not a Waiver.**

Any forbearance by Lender in exercising any right or remedy under any of the Loan Documents, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of payment of any sum secured by any of the Loan Documents after the due date of such payment shall not be a waiver of Lender's right to either require prompt payment when due of all other sums so secured or to declare a default for failure to make prompt payment. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the

13

RP-2022-236836

maturity of the Indebtedness, nor shall Lender's receipt of any awards, proceeds or damages under the Loan Documents operate to cure or waive Borrower's default in payment or sums secured by any of the Loan Documents. With respect to all Loan Documents, only waivers made in writing by Lender shall be effective against Lender.

19. **Waiver of Statute of Limitations and Marshaling.**

Borrower hereby waives the right to assert any statute of limitations as a bar to the enforcement of the lien created by any of the Loan Documents or to any action brought to enforce the Note or any other obligation secured by any of the Loan Documents. Notwithstanding the existence of any other security interests in the Property held by Lender or by any other party, Lender shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided in this Deed of Trust and/or any other Loan Document or by applicable law. Lender shall have the right to determine the order in which any or all portions of the Indebtedness are satisfied from the proceeds realized upon the exercise of such remedies. Borrower, for itself and all who may claim by, through, or under it, and any party who now or in the future acquires a security interest in the Property and who has actual or constructive notice of this Deed of Trust waives any and all right to require the marshaling of assets or to require that any of the Property be sold in the inverse order of alienation or that any of the Property be sold in parcels (at the same time or different times) in connection with the exercise of any of the remedies provided in this Deed of Trust or any other Loan Document, or afforded by applicable law.

20. **Waiver of Homestead and Redemption.**

Borrower hereby waives all right of homestead exemption in the Property. Borrower hereby waives all right of redemption on behalf of Borrower and on behalf of all other persons acquiring any interest or title in the Property subsequent to the date of this Deed of Trust, except decree or judgment creditors of Borrower. Borrower also represents to Lender and Trustee that no portion of the Land, Improvements or other portions of the Property are, in whole or in part, Borrower's homestead and that Borrower shall have no right to assert any legal rights, protections or defenses against Borrower or Trustee based on any portion of the Property being Borrower's homestead.

21. **Governing Law; Severability.**

This Deed of Trust shall be governed by and construed in accordance with the internal laws of the State of Texas. The invalidity, illegality or unenforceability of any provision of this Deed of Trust shall not affect or impair the validity, legality or enforceability of the remainder of this Deed of Trust, and to this end, the provisions of this Deed of Trust are declared to be severable.

22. **Notice.**

Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Note and in conformity with applicable law.

23. **Successors and Assigns Bound; Joint and Several Liability; Agents; Captions.**

The covenants and agreements contained in the Loan Documents shall bind, and the rights thereunder shall inure to, the respective successors and assigns of Lender and Borrower. If more than one (1) person or entity signs this Deed of Trust as Borrower, the obligations of such persons and entities shall be joint and several. In exercising any rights under the Loan Documents or taking any actions provided for therein, Lender

14

RP-2022-236836

may act through its employees, agents or independent contractors as authorized by Lender. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

24.  **Release**.

Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust. Borrower shall pay Lender's reasonable costs incurred in releasing this Deed of Trust and any financing statements related hereto.

25.  **Non-Owner Occupied**.

Borrower hereby represents and warrants that the Property is not their current principal residence, and hereby covenant that during the term of the Loan, neither Borrower shall ever make the Property their principal residence. Borrower acknowledges that Lender would not have entered into the transaction contemplated by the Note if Borrower occupied the Property or intended to occupy the Property as their principal residence. In the event Borrower occupies the Property as their principal residence at anytime during the term of the Loan, such action shall cause an immediate Event of Default and the Indebtedness shall be immediately due and payable.

_____
Borrower Initials

26.  **Interest Adjustments; Additional Interest.**

The lien of this Deed of Trust, as to principal and adjusted interest and accrued and deferred interest, all pursuant to the Note and the Loan Documents shall at all times be on a parity with the lien of this Deed of Trust as to principal and interest at the date of execution of the Note, the Loan Documents and this Deed of Trust.

27.  **Incorporation by Reference**.

All of the terms, covenants and conditions contained in the Note and the Loan Agreement are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein. All initially capitalized terms used in this Deed of Trust without being defined herein shall have the meanings assigned in the Note or the Loan Agreement, as the case may be. The Recitals to this Deed of Trust are hereby made a part of this Deed of Trust to the same extent and with the same force as if they were fully set forth herein.

28.  **Miscellaneous**.

(a)  _Time is of the Essence_. Borrower agrees that, with respect to each and every obligation and covenant contained in this Deed of Trust and the other Loan Documents, time is of the essence.

(b)  **WAIVER OF TRIAL BY JURY. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH OF BORROWER AND LENDER (BY ITS ACCEPTANCE HEREOF) (A) COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE.**

15

RP-2022-236836

(c)  ENTIRE AGREEMENT.   THIS DEED OF TRUST AND ALL THE OTHER LOAN DOCUMENTS REPRESENT PRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(d)  Waivers.  Presentment, demand for payment, notice of nonpayment and dishonor, protest and notice of protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace and diligence in collecting the Indebtedness are waived by Borrower, for and on behalf of itself and all endorsers and guarantors of the Indebtedness.

(e)  Taxes.  Borrower shall pay, or cause to be paid, all taxes assessed against the Property (including local real property and business personal property taxes) when due and before the imposition of any interest, fine, penalty or cost for nonpayment.

*[SIGNATURES BEGIN ON NEXT PAGE]*

RP-2022-236836

16

Borrower has executed this Deed of Trust or have caused the same to be executed by their duly authorized representative as of the date first above written.

**"BORROWER":**
Linda Swarzman,
a(n)  individual

By: *Linda Swarzman* /
Name: *LINDA SWARZMAN*
Its: *BORROWER*

STATE OF CALIFORNIA

COUNTY OF *Los Angeles*

BEFORE ME, the undersigned authority, a Notary Public in and for said State, on this day personally appeared *Linda Swarzman*, known or proved to me on satisfactory evidence to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this *3* day of *May*, 20*22*.

[Personalized Seal]


ISABELLA CABALLERO
Notary Public · California
Los Angeles County
Commission # 2340291
My Comm. Expires Dec 14, 2024

_____
Notary Public in and for the State of California

RP-2022-236836

DEED OF TRUST                SIGNATURE PAGE

## EXHIBIT "A"

## LEGAL DESCRIPTION

LOT 30, IN BLOCK 1120, OF THE TOWN OF LA PORTE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 60, PAGE 113, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.

RP-2022-236836

# Exhibit 27

After recording mail to:
1800 Camden Road
Suite 107-254
Charlotte, NC 28203

## ASSIGNMENT OF SECURITY INSTRUMENTS

### 1206 Montana Street, La Porte, TX 77571

For value received, the undersigned holder of the below described security instruments. Riverbend Funding, LLC (herein "Assignor") whose address is <u>3550 Round Barn Blvd., Suite 104, Santa Rosa, CA 95403</u>, does hereby grant, sell, assign, transfer and convey unto <u>Churchill Funding I, LLC</u>, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is <u>1800 Camden Road, Suite 107-254, Charlotte, NC 28203</u>, all of its right, title and interest in and to the below described security instruments dated <u>April 29, 2022</u> made and executed by <u>Linda Swarzman to Riverbend Funding</u>, LLC, upon the property described in **Exhibit A**.

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing having been given by <u>Linda Swarzman</u> to Riverbend Funding, LLC to secure payment of a loan in the amount of $93,000.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing was recorded on May 4, 2022 as Instrument number RP-2022-236836 <u>in the Official Records of Harris County, Texas</u> together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Security Instruments on this 9 day of May, 2022.

Property covered by said Deed of Trust is briefly described as follows:
1206 Montana St., La Porte, TX 77571
Property Tax Number: 024-193-020-0030

RP-2022-405138

ASSIGNOR: <u>Riverbend Funding, LLC</u>

SIGNED: _____

BY: <u>Brian Burke</u> _____

Title: <u>Authorized Signor</u>

## ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Sonoma

On _May 12, 2022_ before me, <u>Heather A. Gonzalez</u>, a Notary Public personally appeared <u>Brian Burke</u>, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public                    (NOTARY SEAL)

Printed Name:

_Heather A Gonzalez_

HEATHER A. GONZALEZ
Notary Public - California
Sonoma County
Commission # 2327665
My Comm. Expires Jun 4, 2024

RP-2022-405138

EXHIBIT A

LOT 30, IN BLOCK 1120, OF THE TOWN OF LA PORTE, A SUBDIVISION IN HARRIS
COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN
VOLUME 60, PAGE 113, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.
Property commonly known as: 1206 Montana Street, La Porte, TX 77571.

RP-2022-405138

RP-2022-405138

# Pages 4

08/08/2022 11:28 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit 28

RP-2022-584136
12/13/2022 ER $26.00

Recording Requested By:
Churchill Funding I LLC
**After recording mail to:**
Churchill Funding I LLC
1415 Vantage Park Dr. Ste
240, Charlotte NC 28203

# ASSIGNMENT OF SECURITY INSTRUMENTS

### *1206 Montana St, La Porte, Texas 77571*

For value received, the undersigned holder of the below described security instruments. Churchill Funding I, LLC (herein "Assignor") whose address is 1415 Vantage Park Drive, Suite 240, Charlotte, NC 28203, does hereby grant, sell, assign, transfer and convey unto Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for Residential Mortgage Aggregation Trust, a corporation organized and existing under the laws of the United States of America (herein "Assignee"), whose address is 90 Park Avenue Floor 23, New York, New York 10016 all of its right, title and interest in and to the below described security instruments dated April 29th, 2022 made and executed Linda Swarzman to Riverbend Funding, LLC upon the property described in **Exhibit A.**

Identification of Security Instruments being assigned:

That certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing having been given by Linda Swarzman to Riverbend Funding, LLC to secure payment of a loan in the amount of $93,000.00, which Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing was recorded on 02/09/2021 at RP 2021-70076 , in the Official Records of Harris County, Texas together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing.

RP-2022-584136

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to terms and conditions of the above-described Security Instruments.

**In** WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Security Instruments on this _2_ day of _June_, 2022.

ASSIGNOR: **Churchill Funding I, LLC**

SIGNED: _____

BY: _Derrick Land_____

Title: _AUTHORIZED SIGNER_____

STATE OF _North Carolina_ )

COUNTY OF _Mecklenburg_ )

On _June 2_, 2022 before me, the undersigned, personally appeared _Derrick Land_ who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his/her capacity as Member / Manager / Authorized Officer (circle one) of **Churchill Funding I, LLC**, and that his/her signature on the instrument, the individual, or the person or entity on behalf of which the individual acted, executed the instrument.

*(NOTARY SEAL)*

Notary Public Signature _____

Printed Name: _Caroline Harrell_

My Commission Expires: _2-16-2027_

EXHIBIT A

LOT 30, IN BLOCK 1120, OF THE TOWN OF LA PORTE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 60, PAGE 113, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.

RP-2022-584136

RP-2022-584136

RP-2022-584136

# Pages 4

12/13/2022 09:06 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $26.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL AND DEMAND FOR SEGREGATION AND ACCOUNTING OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 10, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Katherine Bunker     kate.bunker@usdoj.gov**
- **Chad L Butler     caecf@tblaw.com**
- **Eric S Pezold     epezold@swlaw.com, knestuk@swlaw.com**
- **Susan K Seflin     sseflin@bg.law, ecf@bg.law**
- **David Seror     dseror@bg.law, ecf@bg.law**
- **Andrew Still     astill@swlaw.com, kcollins@swlaw.com**
- **United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov**
- **Jessica Wellington     jwellington@bg.law, ecf@bg.law**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 10, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Debtor***:

**Linda Ezor Swarzman**
4460 Libbit Avenue
Encino, CA 91436

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 10, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via Federal Express:**

The Honorable Victoria S. Kaufman
United States Bankruptcy Court, Central District
21041 Burbank Boulevard, Suite 354, Crtrm 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 10, 2023 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**