SNELL & WILMER L.L.P.
Eric S. Pezold, Bar No. 255657
epezold@swlaw.com
Andrew B. Still, Bar No. 312444
astill@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000
Facsimile:  714.427.7799

Attorneys for secured creditors Churchill Funding I, LLC; Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Residential Mortgage Aggregation Trust; CL-CH Residential Credit Ops 2, LLC; and CFIN 2022-RTL1 Issuer, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LINDA EZOR SWARZMAN,<br><br>     Debtor-in-Possession. | Case No. 1:23-bk-10270-VK<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330 AND 363 FOR AUTHORIZATION TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**<br><br>[Relates to Docket No. 77]<br><br>Hearing Information:<br>Date:   May 18, 2023<br>Time:   1:00 p.m.<br>Place:  Courtroom 301<br>           21041 Burbank Blvd.,<br>           Woodland Hills, CA 91367<br>           Via ZoomGov |

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR AND ALL INTERESTED PARTIES:

Churchill Funding I, LLC ("Churchill"), for itself and in its capacity as master servicing agent for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as

4876-0583-7921

1  trustee for Residential Mortgage Aggregation Trust ("RMAT"), CL-CH Residential Credit Ops 2,
2  LLC ("CL-CH") and CFIN 2022-RTL1 Issuer, LLC ("CFIN" and collectively with Churchill,
3  RMAT and CL-CH, the "Lenders"), secured creditors of the above-captioned debtor-in-
4  possession Linda Ezor Swarzman ("Debtor"), by and through undersigned counsel, submits the
5  following Opposition to Debtor's Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a),
6  327, 328, 330 and 363 for Authorization to Employ and Compensate Professionals Utilized in the
7  Ordinary Course of Business [Docket No. 77] ("Motion").

## I.

## INTRODUCTION

Through the Motion, Debtor seeks Court authorization to employ and compensate a number of unidentified individuals that she uses in the ordinary course of business without the need to file separate employment and fee applications. But not only does Debtor fail to identify just who these "Ordinary Course Professionals" are, Debtor concedes that at least some are attorneys and appraisers – the exact type of professionals for which the Bankruptcy Code contemplates Court approval. Worse yet, Debtor fails to offer any justification or reason, other than the cost associated with employment and fee applications, for why these unidentified "Ordinary Course Professionals" should be exempt from the procedural requirements of the Bankruptcy Code. Nor does Debtor provide any grounds for the rather extreme request that Debtor and her counsel, and not the Court, should be vested with the authority to make determinations regarding conflicts of interest and disinterestedness. To the extent the Court is inclined to entertain the Motion, at minimum, Debtor should be required to disclose to the Court and all creditors the identity of these "Ordinary Course Professionals" both on an initial basis and an ongoing basis. While the Lenders understand that the Debtor is seeking to administer this case on an efficient basis, the procedural safeguards and transparent nature of Bankruptcy should not be thrown by the wayside.

## II.

## **RELEVANT FACTS**

Debtor directly and indirectly owns approximately 116 real properties in Texas.[1] Lenders collectively have first position liens on nine of them:[2]

| Lender | Property Address |
|---|---|
| Churchill | 1788 Redfish Lane, Crystal Beach, TX |
| CL-CH | 1714 Rosenberg Street (fka 25th Street), Galveston, TX |
| CFIN | 23170 Gulf Drive, Galveston, TX |
| RMAT | 22102 Kennedy Drive, Galveston, TX |
| RMAT | 16014 Buccaneer Lane, Houston, TX |
| RMAT | 3801 6th Street, Galveston, TX |
| RMAT | 711 Meadowglen Drive, Baytown, TX |
| RMAT | 803-807 W. 6th Street, Freeport, TX |
| RMAT | 1206 Montana Street, La Porte, TX |

Debtor commenced this case on March 6, 2023, as an "emergency voluntary petition" to stay foreclosure sales of various properties owned by her, including each of the above-referenced properties.[3]

On April 27, 2023, Debtor filed the Motion.[4] Pursuant to the Motion, Debtor seeks authorization "to retain and compensate the Ordinary Course Professionals without submission of separate employment applications and fee applications, and without the issuance of separate retention orders and fee orders."[5] According to the Motion, the Debtor "routinely hires people and firms that may be categorized as 'professionals' under the Bankruptcy Code such as appraisers,

---

[1] Motion, 4:21-22.
[2] *See* Docket No. 16 (Lenders' Notice of Non-Consent to Use of Cash Collateral and supporting documentation attached thereto).
[3] *See* Motion, 4:9-10.
[4] Docket No. 77.
[5] Motion, 2:26-28.

consultants, attorneys, property managers, etc. in connection with the sale, lease or rehab of a specific property."[6] Debtor specifically points to the need for an expert in Texas real estate law as the grounds for the Motion.[7] Notably, however, Debtor does not specify the identity of the "Ordinary Course Professionals."[8] Nor does Debtor specify the precise tasks these Ordinary Course Professionals will be undertaking for the Debtor.

## III.

## ARGUMENT

The employment of professional persons is governed by Bankruptcy Code section 327, which provides:

> Except as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). "Approval is required even if the professional is not to be compensated from estate funds." 3 Collier on Bankruptcy ¶ 327.03 (16th Ed. 2023) (citations omitted). "The purpose of requiring professionals to file applications (and obtain approval) early in the course of the professional's employment is to provide the court with a means of control over administrative expenses and an opportunity to review any conflicts, the professional's competency and the necessity for the services to be performed." *Id*.

### A.    The Proposed Professionals Need To Be Disclosed

As an initial matter, and critically, the Debtor does not state the identity of the proposed Ordinary Course Professionals. Nevertheless, the Debtor suggests that, at least some of them, are appraisers and attorneys, the exact type of professional required to be employed under Section 327(a).[9] Without this critical information, it is impossible to assess whether the professional holds or represents an interest adverse to the Debtor's estate and is disinterested. Indeed, there is no

---

[6] Motion, 6:5-8.
[7] Motion, 6:8-9.
[8] *See generally*, Motion.
[9] Motion, 6:5-9.

1 basis for the Court to conclude that some unidentified individuals – who the Debtor admits "may

2 be categorized as 'professionals' under the Bankruptcy Code"[10] – should be exempt from the

3 mandates of Section 327.[11]

4     Egregiously, Debtor suggests that her counsel alone should be tasked with making these

5 determinations without any disclosure to the Court or creditors whatsoever:

> If the Debtor seeks to retain an Ordinary Course Professional and the Debtor's counsel believes that such professional may have an interest materially adverse to the Debtor's estate, the Debtor will seek employment of such professional by means of a separate employment application.[12]

9     The Debtor provides no authority whatsoever for this proposition and, in fact, this is

10 entirely inconsistent with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *See*

11 11 U.S.C. § 327(e) (requiring court approval of "special" counsel); *see also* 3 Collier on

12 Bankruptcy, *supra*, ¶ 327.04 ("When an attorney is not disinterested but purports to act under the

13 exception of section 327(e), *approval by the court must be explicit*; it cannot take the form of

14 silent acquiescence by the court." (emphasis added).

15     It is simply impossible to ascertain just who the Debtor seeks to employ and, on this basis

16 alone the Motion should be denied.

17 **B.**    <u>The Proposed Professionals Need To Be Employed</u>

18     Setting aside the fact that the Debtor does not disclose the identities of the proposed

19 Ordinary Course Professionals and the Debtor appears to concede that at least some of the

20 individuals are "professionals" within the meaning of the Code, there is no basis for the Court to

21 deviate from the standard procedures of Code sections 327 and 330 and the Federal Rules of

22 Bankruptcy Procedure related to employment and compensation of professionals. Lenders

23 acknowledge that "there is limited Ninth Circuit authority on th[is] issue." *See In re California*

24 *Indep. Petroleum Assoc.*, Case No. 21-23169-B-11, 2022 WL 162439 (Bankr. E.D. Cal. Jan. 18,

25 2022). Nevertheless, Debtor cites very limited authority for the rather extreme relief requested –

26 a string of out-of-Circuit, unpublished decisions and conclusory statements.

---

[10] Motion, 6:6.
[11]
[12] Motion, 7:21-24.

4876-0583-7921      - 5 -      OPPOSITION TO DEBTOR'S MOTION TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS

In determining whether certain individuals should be required to comply with the requirements of Code section 327 and 330, some courts consider the following factors:

1. Whether the entity or individual controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

2. Whether the entity or individual is involved in negotiating the terms of a plan of reorganization;

3. Whether the entity or individual is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

4. Whether the entity or individual is given discretion or autonomy to exercise professional judgment in some part of the administration of the debtor's estate;

5. The extent of the entity's or individual's involvement in the administration of the debtor's estate; and

6. Whether the entity's or individual's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning.

*See In re California Indep. Petroleum Assoc., supra*, 2022 WL 162439 at *6-7 (citing *In re Heritage Home Group, LLC, et al.*, 2018 WL 4684802 (Bankr. D. Del. Sept. 27, 2018) and *In re Brookstone Holdings Corp.*, 592 B.R. 27 (Bankr. D. Del 2018)).

As discussed above, Debtor does not specify the identity of the Ordinary Course Professionals. Nor does the Debtor provide the precise services these professionals will be providing to her. Without this information, the Court cannot make a determination that the proposed Ordinary Course Professionals are not "professionals" whose employment must first be approved by the Court pursuant to Section 327. Nevertheless, based on the limited information the Debtor has provided, the Ordinary Course Professionals are exactly the type that should be required to comply with Section 327. For instance, the Debtor seeks to employ attorneys and appraisers in connection with the sale of estate property in Texas. This is, indisputably, the administration of estate assets by professionals with a special knowledge or skillset that would qualify them as "professionals" under the Code.

1  **C.      The Proposed Compensation Procedures Should Not Be Approved; Unauthorized Use of Cash Collateral**

Based on the foregoing, Lenders submit that the Debtor has not shown cause to alter the compensation procedures of Bankruptcy Code section 330 or Federal Rule of Bankruptcy Procedure 2016. Debtor should not be authorized to compensate estate professionals in the manner proposed. Moreover, Lenders specifically object to use of their cash collateral in such a manner.

**D.      Further Disclosure Should Be Required**

To the extent the Court is inclined to entertain the Motion, additional disclosures and procedures should be required. First, the identity of the Ordinary Course Professionals must be disclosed. There is no basis to deprive the Court or creditors of this essential information. Second, each Ordinary Course Professional should be required to file a declaration, served on all parties in interest, explaining the efforts undertaken to search for connections to relevant parties in interest, a description of the proposed scope of services to be provided, the proposed rate and charges for such services, all information required to be disclosed pursuant to Bankruptcy Rule 2014, and any prepetition amounts owed to such Ordinary Course Professional by the Debtor. Third, interested parties should be afforded an opportunity of no less than 14 days to object to such proposed employment. Fourth, the Debtor should be required to file a periodic statement every thirty days outlining the amounts paid to the Ordinary Course Professionals.

//
//
//

## IV.

## **CONCLUSION**

Based on the foregoing, Lenders respectfully request that the Court deny the Motion. In the alternative, Lenders request that the Court set additional disclosure requirements and procedural safeguards as proposed herein. Lenders further request such other and additional relief as the Court deems just and proper.

Dated: May 4, 2023

SNELL & WILMER L.L.P.

By: /s/ Andrew B. Still
    Eric S. Pezold
    Andrew B. Still

Attorneys for Secured Creditors
Churchill Funding I, LLC;
Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Residential Mortgage Aggregation Trust;
CL-CH Residential Credit Ops 2, LLC; and
CFIN 2022-RTL1 Issuer, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330 AND 363 FOR AUTHORIZATION TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 4, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kelli M Brown**     kbrown@ghidottiberger.com, bknotifications@ghidottiberger.com
- **Katherine Bunker**     kate.bunker@usdoj.gov
- **Chad L Butler**     caecf@tblaw.com
- **Greg P Campbell**     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arnold L Graff**     agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **Tara L Grundemeier**     houston_bankruptcy@lgbs.com
- **Mitchell B Ludwig**     mbl@kpclegal.com, kad@kpclegal.com
- **Eric S Pezold**     epezold@swlaw.com, knestuk@swlaw.com
- **David M Poitras**     dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com
- **Lee S Raphael**     ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Susan K Seflin**     sseflin@bg.law
- **David Seror**     dseror@bg.law, ecf@bg.law
- **Owen M Sonik**     osonik@pbfcm.com, tpope@pbfcm.com
- **Andrew Still**     astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov
- **Garrick Vanderfin**     gvanderfin@polsinelli.com, mfiander@polsinelli.com;docketing@polsinelli.com
- **Larry D Webb**     Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Jessica Wellington**     jwellington@bg.law, ecf@bg.law
- 

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 4, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Debtor*:

**Linda Ezor Swarzman**
4460 Libbit Avenue
Encino, CA 91436

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 4, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express:**

The Honorable Victoria S. Kaufman
United States Bankruptcy Court, Central District
21041 Burbank Boulevard, Suite 354, Crtrm 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 4, 2023 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**