DAVID SEROR – Bar No. 67488
SUSAN K. SEFLIN – Bar No. 213865
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9099
Email:    dseror@bg.law
          sseflin@bg.law
          jwellington@bg.law

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Linda Ezor Swarzman,<br><br>            Debtor. | Case No. 1:23-bk-10270-VK<br><br>Chapter 11<br><br>**DEBTOR'S REPLY TO CHURCHILL FUNDING'S OPPOSITION TO MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330 AND 363 FOR AUTHORIZATION TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**<br><br>**Hearing:**<br>Date:   May 18, 2023<br>Time:  1:00 p.m.<br>Place:  Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367<br>         Via ZoomGov |

Linda Ezor Swarzman, the chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby files this reply (the "Reply") to the opposition [Doc. No. 86] (the "Opposition") filed on behalf of Churchill Funding I, LLC ("Churchill") to the Debtor's *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, 330 and 363 for Authorization to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* [Doc. No. 77] (the "Motion"). In support of the Reply, the Debtor represents as follows:

## REPLY

### I. THE DEBTOR'S SUPPLEMENT ADDRESSES THE MAJORITY OF THE ARGUMENTS RAISED IN THE OPPOSITION

In the Opposition, Churchill argues that additional disclosures that procedures should be required for the Debtor to employ and compensate Ordinary Course Professionals.[1] After filing the Motion, the Debtor's counsel consulted with counsel for the United States Trustee regarding additional disclosures and procedures under which Ordinary Course Professionals will be employed and compensated by the Debtor. The Debtor's proposed procedures are outlined in the supplement to the Motion [Doc. No. 85] (the "Supplement"). The Debtor believes that the proposed procedures outlined in the Supplement address Churchill's concerns regarding disclosure of the identities of the Ordinary Course Professionals, the description of the services to be provided, the proposed rates for such services, and the connection of such professionals to the Debtor and her estate. The proposed procedures also allow a period of 14 days for any creditor of the Debtor to object to the proposed retention of any Ordinary Course Professional that will receive more than $1,000.00 in fees for its services. Additionally, any compensation paid to the Ordinary Course Professionals will be reflected in the Debtor's monthly operating reports. These proposed procedures will ensure that the Debtor's estate is not incurring substantial administrative expenses to prepare employment applications and fee applications for professionals that will receive modest fees while also protecting the interests of creditors. Indeed, it would cost more in attorneys' fees and costs to prepare an employment application and fee application for each individual Ordinary Course Professional then

---

[1] All initial capitalized terms not defined herein shall have the same meaning ascribed to then in the Motion.

2

the professional would be receiving, thereby reducing funds that would otherwise be available to fund a chapter 11 plan of reorganization.

## II.     THE COURT HAS AUTHORITY TO GRANT THE RELIEF SOUGHT IN THE MOTION

While Churchill argues in the Opposition that the relief requested in the Motion is "rather extreme" [Opposition, 2:18], courts routinely grant the relief requested in the Motion as cited in the Motion and in the Opposition. The Debtor has not requested any "extreme" relief. Additionally, Churchill argues that the Ordinary Course Professionals are exactly the type of professionals that should be required to comply with Section 327 of the Bankruptcy Code. However, many, if not all, of the Ordinary Course Professionals are likely not considered professionals within the meaning of Section 327. "Although there is limited Ninth Circuit authority on the issue, *In re East Coast Foods, Inc.*, 2019 WL 6893015 at *6 (C.D. Cal. Dec. 8, 2019), the Ninth Circuit Bankruptcy Appellate Panel has opined that:

> Not every person employed by a trustee is a 'professional person' within the meaning of § 327. A 'professional person' is one who takes a central role in the administration of the bankruptcy estate and in the bankruptcy proceedings. Individuals or entities that perform mechanical, nondiscretionary tasks are not 'professional persons' within the meaning of § 327."

*In re California Indep. Petroleum Ass'n*, 2022 WL 162439, at *5–6 (Bankr. E.D. Cal. Jan. 18, 2022).

The Ordinary Course Professionals that the Debtor intends to retain will not have a central role in the administration of the Debtor's bankruptcy estate, the bankruptcy proceedings or in negotiating the terms of a chapter 11 plan of reorganization. In the day-to-day operations of the Debtor's business, the Debtor routinely hires Ordinary Course Professionals for discrete issues with respect to an individual real property. Indeed, the Debtor will retain the Ordinary Course Professionals only if necessary for a discrete task as she would had this case not been filed. The Ordinary Course Professionals' roles will not be central to this case. Rather, the Ordinary Course Professionals' involvement will be tangential to this case as the interaction between the Ordinary Course Professionals and the Debtor will be sporadic and on an as needed basis. In these situations, courts have found that professionals are not professionals within the meaning of Section 327 of the

3

Bankruptcy Code. *See California Indep. Petroleum Ass'n*, 2022 WL 162439, at *7–8 n.4 (finding that consultants were not professionals within the meaning of Section 327 where the consultants' work directly related to type of work carried out by the debtor, the consultants were retained for a fundamental business purpose and would not play a central role in the debtor's bankruptcy case as their interactions with the Debtor were sporadic and "as-needed").  To the extent that a professional will have a central role in the administration of the Debtor's chapter 11 case, the Debtor will seek Court authority to employ such professional, as she has done with her counsel and accountants.

Accordingly, the Debtor submits that many, if not all, of the Ordinary Court Professionals would not be considered "professional persons" within the meaning of Section 327 of the Bankruptcy Code and that she may retain and compensate such persons in the ordinary course of her business under Section 363(c), or alternatively, under Section 363(b).  As stated in the Motion, the Debtor believes that the retention of the Ordinary Course Professionals as provided in the Motion and the Supplement, are in the best interests of the Debtor's estate to avoid any disruption in the professional services required in the day-to-day operation of the Debtor's business.  This is a valid exercise of the Debtor's business judgment.  The retention of the Ordinary Course Professionals is critical to the Debtor's ability to operate her business and generate revenue needed to fund a chapter 11 plan and pay creditors.  The Debtor's business judgment on these matters is entitled to substantial deference.  *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 289 (9th Cir. BAP 2005).

### III.  THE DEBTOR WILL NOT USE CASH COLLATERAL TO COMPENSATE ORDINARY COURSE PROFESSIONALS

In the Opposition, Churchill objects to the use of its cash collateral to compensate estate professionals.  The Debtor is not proposing to use Churchill's cash collateral to compensate any Ordinary Course Professionals.  The Debtor understands that she may not use any creditors' cash collateral without a Court order authorizing such use or the respective creditor's consent.  To the extent that the Debtor pays compensation to any Ordinary Course Professional, the Debtor will not use Churchill's cash collateral without first obtaining a Court order or Churchill's consent.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court grant the Motion with the procedures set forth in the Supplement.

DATED: May 11, 2023                                    BG Law LLP


By: /s/ Jessica S. Wellington
    David Seror
    Susan K. Seflin
    Jessica S. Wellington
Attorneys for Chapter 11 Debtor and
Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **DEBTOR'S REPLY TO CHURCHILL FUNDING'S OPPOSITION TO MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, 330 AND 363 FOR AUTHORIZATION TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 11, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kelli M Brown**    kbrown@ghidottiberger.com, bknotifications@ghidottiberger.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Chad L Butler**    caecf@tblaw.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Sarah M Cox**    sarah@spectorcox.com, sarah@ecf.courtdrive.com;sshank@spectorcox.com
- **Arnold L Graff**    agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **Tara L Grundemeier**    houston_bankruptcy@lgbs.com
- **Mitchell B Ludwig**    mbl@kpclegal.com, kad@kpclegal.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Eric S Pezold**    epezold@swlaw.com, knestuk@swlaw.com
- **David M Poitras**    dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com
- **Lee S Raphael**    ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Susan K Seflin**    sseflin@bg.law
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Owen M Sonik**    osonik@pbfcm.com, tpope@pbfcm.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Garrick Vanderfin**    gvanderfin@polsinelli.com, mfiander@polsinelli.com;docketing@polsinelli.com
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **____, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed. **[Delivery to Judge temporarily suspended if under 25 pages, per General Order 23-01]**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2023 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**