DAVID SEROR – Bar No. 67488
SUSAN K. SEFLIN – Bar No. 213865
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:   dseror@bg.law
         sseflin@bg.law
         jwellington@bg.law

Attorneys for Chapter 11 Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>Linda Ezor Swarzman,<br><br>              Debtor. | Case No. 1:23-bk-10270-VK<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 REGARDING THE REAL PROPERTY LOCATED AT 0 BERMUDA BEACH, GALVESTON, TEXAS 77554; DECLARATION OF LINDA EZOR SWARZMAN IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:   July 19, 2023<br>Time:  9:30 a.m.<br>Place:  Courtroom 301<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367<br>         Via ZoomGov |

2904626

    Linda Ezor Swarzman, the chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby files her opposition (the "Opposition") to the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 [Doc. No. 122] (the "Motion") filed on behalf of Legacy Lending, LLC ("Movant").  In support of the Opposition, the Debtor respectfully represents as follows:

## I.    INTRODUCTION

    By the Motion, Movant seeks relief from the automatic stay pursuant to Sections 362(d)(1) and (d)(2) of Title 11 of the United States Code (the "Bankruptcy Code") with regard to the real property located at 0 Bermuda Beach, Galveston, Texas 77554 (the "Property").  However, Movant has failed to demonstrate any "cause" to lift the automatic stay as required by Section 362(d) of the Bankruptcy Code.

    Movant is adequately protected by a sufficient equity cushion, and there is equity in the Property.  The Debtor has obtained updated evidence of value regarding the Property indicating that the fair market value of the Property is at least $315,960.00.  With such a valuation, Movant is more than protected and there is sufficient equity in the Property both to protect Movant and to provide a benefit to unsecured creditors.  Accordingly, the Property is necessary for an effective reorganization.  For the reasons discussed below, the Motion should be denied in its entirety.

## II.    BACKGROUND

    On March 6, 2023, the Debtor filed a voluntary chapter 11 petition, commencing this bankruptcy case.  In her Schedule A/B [Doc. No. 53, p. 20], the Debtor listed an interest in the Property and valued that interest at $235,000.00.  The Property is beach front vacant property in Galveston, Texas that is approximately 6,000 square feet and is adjacent to properties owned by the Debtor's affiliate, Redfish Property Holdings, LLC.  Declaration of Linda Ezor Swarzman ("Swarzman Decl."), ¶ 4.  In the Motion, Movant asserts that it holds a $239,308.83 secured claim against the Property.  Doc. No. 122.

    Recently, the Debtor had a broker, Brenda Delcambre of Riverbend Realty Group, pull comparable sales in the last 180 days of vacant beach front properties less than two miles from the Property.  Attached to the Swarzman Declaration as **Exhibit 1** is a true and correct copy of the comparable sales.  The average price per square foot of the comparable sales is $52.67.

Accordingly, the Debtor believes that the fair market value for the Property is at least $316,020.00, i.e., $52.67 per square foot x 6,000 square feet. Swarzman Decl., ¶ 8. Based on the comparable sales for the Property, there is sufficient equity in the Property for the Debtor to liquidate the Property for the benefit of unsecured creditors and, in part, to fund a chapter 11 plan of reorganization.

On June 16, 2023, Movant filed the Motion. In the Motion, Movant relies on the Debtor's scheduled value of the Property to assert that Movant's interest is not protected by an adequate equity cushion, that the Debtor has no equity in the Property, and the Property is not necessary to an effective reorganization. However, the Debtor's scheduled values were conservative and on the low average of valuations for the Property provided by websites such as Zillow.com and Redfin.com. Swarzman Decl., ¶ 6. Based on the Debtor's valuation of the Property from comparable sales, Movant's interest in the Property is protected by an adequate equity cushion and the Property is necessary to an effective reorganization. Accordingly, the Court should deny the Motion.

### III. MOVANT FAILS TO ESTABLISH THAT IT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) or (d)(2)

Movant seeks relief from the automatic stay pursuant to Sections 362(d)(1) (lack of adequate protection) and (d)(2) (lack of equity and property not necessary for reorganization) of the Bankruptcy Code. Courts have discretion to grant relief from stay for "cause." 11 U.S.C. § 362(d)(1). As used in Section 362(d)(1), "'[c]ause' has no clear definition and is determined on a case-by-case basis." *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352 (9th Cir. 1996) (quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The "decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court." *In re Conejo Enterprises, Inc*., 96 F.3d at 351. Here, Movant has not established sufficient "cause" to lift the automatic stay. As discussed below, there is sufficient equity in the Property both to adequately protect Movant's interest and to provide a benefit to unsecured creditors.

### A. Movant Fails to Establish that its Interest in the Property is Not Protected by an Adequate Equity Cushion

Section 362(d)(1) of the Bankruptcy Code permits a bankruptcy court to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property . . .." "Adequate protection" is a flexible concept that requires a court to make decisions on a case-by-case basis. *In re Harrington & Richardson, Inc.,* 48 B.R. 431, 433 (Bankr. D. Mass 1985). The Ninth Circuit Court of Appeals has held that, "although the existence of an equity cushion as a method of adequate protection is not specifically mentioned . . ., it is the classic form of protection for a secured debt justifying the restrain of lien enforcement by a bankruptcy court." *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).

"Although the existence of a junior lien may be relevant in determining 'equity' under § 362(d)(2), it cannot be considered in determining whether the interest of a senior lienholder is adequately protected." *Id.* at 1400–01. *See also In re Wolford Enterprises, Inc.,* 11 B.R. 571, 574 (Bankr. S.D. W. Virg. 1981) (rejecting contention that defendant lacked equity due to second deed of trust; creditor failed to acknowledge that first deed has priority, and that value of property was sufficient to satisfy that lien); *In re Breuer,* 4 B.R. 499 (Bankr. S.D.N.Y. 1980) (holding there was a sufficient equity cushion for creditor holding first mortgage despite existence of four junior mortgages totaling more than market value of property). There is no dispute that the Ninth Circuit Court of Appeals has held that a 20% equity cushion is sufficient. *Mellor*, 734 F.2d at 1401. *See also In re McGowan,* 6 B.R. 241, 243 (Bankr. E.D. Pa. 1980) (holding a 10% cushion is sufficient to be adequate protection); *In re Rogers Development Corp.,* 2 B.R. 679, 685 (Bankr. E.D. Virg. 1980) (holding that an equity cushion of approximately 15% to 20% was sufficient adequate protection to the creditor, even though the debtors had no equity in the property); *In re Breuer,* 4 B.R. 499, 501 (Bankr. S.D.N.Y. 1980) (concluding that creditor was protected by equity cushion of $21,000 despite fact that debtor lacked equity in the property).

In the Motion, Movant presents no evidence of the fair market value of the Property other than the Debtor's schedules. Pursuant to Section 362(g)(1) of the Bankruptcy Code, Movant bears the burden of proof on the issue of the Debtor's equity in the Property. Movant has simply failed to

meet this burden by only relying on the Debtor's schedules, which were based on conversative estimates of fair market value.

However, the Debtor has investigated the value of the Property and believes that the fair market value of the Property is at least $316,020.00. Accordingly, Movant is protected by an equity cushion of at least 24%, which is sufficient to provide adequate protection to Movant. All creditors, including Movant, would benefit from the Debtor being able to sell the Property because the Debtor would be able to use the funds generated from the sale to fund a chapter 11 plan of reorganization. Accordingly, it is in the best interest of the estate and its creditors to deny the Motion and allow the Debtor to list and sell the Property. Such a sale will ensure that the estate will receive the highest value for the Property. The Debtor submits that the comparable sales show a sufficient equity cushion such that the Motion should be denied.

For the foregoing reasons, the Debtor respectfully submits that Movant is adequately protected, and the Motion should be denied.

**B.    There is Equity in the Property That Should Be Administered by the Debtor for the Benefit of Creditors**

Movant argues that there is cause to lift the automatic stay under Section 362(d)(2) of the Bankruptcy Code because the Debtor does not have equity in the Property, and it is not necessary for an effective reorganization. As explained by the United States Supreme Court:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is "necessary to an effective reorganization." *See* § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that *is in prospect.* This means, as many lower courts, including the en banc court in this case, have properly said that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375–76 (1988) (emphasis in original).

Here, Movant has not established that the Debtor does not have equity in the Property. As explained above, the Debtor believes that there is approximately $76,711 in equity in the Property.

5

Additionally, the Debtor believes that the Property is necessary to an effective reorganization because the Debtor will use the funds generated from a sale of the Property to fund a chapter 11 plan of reorganization. Swarzman Decl., ¶ 10. Accordingly, Movant has failed to establish cause under Section 362(d)(2) for relief from the automatic stay.

### C. The 14-Day Stay Described by Federal Rule of Bankruptcy Procedure 4001(a)(3) Should Not Be Waived

Federal Rule of Bankruptcy Procedure ("Rule") 4001(a)(3) provides, "An order granting a motion for relief from an automatic stay ... is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Movant requests that the Court waive this 14-day stay but offers no justification for this request. Therefore, even if the Court grants the Motion generally, the Court should not waive the 14-day stay provided for the benefit of the Debtor and other parties in interest under Rule 4001(a)(3).

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Motion be denied, and that the Court grant such other and further relief as the Court deems just and proper.

DATED: July 5, 2023                    BG LAW LLP


By:  /s/ Jessica S. Wellington
    David Seror
    Susan K. Seflin
    Jessica S. Wellington
Attorneys for Chapter 11 Debtor and
Debtor in Possession

**DECLARATION OF LINDA EZOR SWARZMAN**

I, Linda Ezor Swarzman, declare:

1. I am the chapter 11 debtor and debtor in possession herein. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I would and could competently testify thereto under oath.

2. I make this declaration in support of the Opposition to which it is appended. All initial capitalized terms used herein but not otherwise defined shall have the same meaning ascribed to them in the Opposition.

3. I am the owner of the Property.

4. The Property is beach front vacant property in Galveston, Texas that is approximately 6,000 square feet and is adjacent to properties owned by my affiliate, Redfish Property Holdings, LLC.

5. In my Schedule A/B, I listed the value of the Property at $235,000.00.

6. When I was preparing my schedules, my professionals and I looked at websites such as Zillow.com and Redfin.com and used the low average of the valuations for the Property from those websites.

7. Recently, I had a broker, Brenda Delcambre of Riverbend Realty Group, pull comparable sales in the last 180 days of vacant beach front properties less than two miles from the Property. Attached hereto as **Exhibit 1** is a true and correct copy of the comparable sales.

8. The average price per square foot of the comparable sales is $52.67. Accordingly, I believe that the fair market value for the Property is at least $316,020.00, i.e., $52.67 per square foot x 6,000 square feet.

9. Based on the comparable sales for the Property, Movant's interest is protected by an equity cushion of at least 24%.

10. Additionally, I believe that the Property is necessary for an effective reorganization because I intend to list the Property for sale and use the funds generated from the sale to fund my chapter 11 plan of reorganization.

/ / /

7

2904626

11.     Accordingly, I believe it is in the best interest of the estate and its creditors to deny the Motion and allow me time to sell the Property to ensure the estate will receive the highest value for the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of July 2023, at Encino, California.

*Linda Ezor Swarzman*
Linda Ezor Swarzman

EXHIBIT "1"



| | | | |
|---|---|---|---|
| **Lots** | **Sold** | | |
| ML#: | 38431063 | List Price: | $849,000 |
| Address: | 11523 Beachside | Orig Price: | $849,000 |
| Area: | 33 | LP/SF: | $51.51 |
| Tax Acc #: | 1641-0000-0143-000 | DOM: | 9 / 217 |
| City/Location: | **Galveston** | State: | **Texas** |
| County: | **Galveston** | Zip Code: | **77554** |
| Market Area: | **West End** | Section #: | |
| Subdivision: | **Beachside Village** | LP/Sq. Ft.: | **$51.51** |
| Lot Size: | **16,482 / Appr Dist** | LP/Acre: | **$2,243,657.51** |
| Acres: | **.3784** | Lot Num: | **143** |
| Master Planned: | **No** | | |
| Legal Desc: | BEACHSIDE VILLAGE (2004) ABST 121, LOT 143, ACRES 0.378 | | |

Directions: R- Seawall, L- Grand Ave, R- Seaside Cirle, R- Beachside, Lot on left.

### Listing Office Information

| | | | |
|---|---|---|---|
| List Agent: | KKelley/Kelly M. Kelley | List Broker: | RNFK01/RE/MAX Leading Edge |
| Agent Cell: | 281-794-9463 | | Request an Appointment |
| Agent Phone: | 281-794-9463 | Appt #: | / No Appointment Required |
| Address: | 3616 7 Mile Rd, Galveston TX 77554 | Office Phone: | 409-744-3300 |
| List Agent Web: | http://www.KellyKelley.com | Fax #: | |
| Agent Email: | kelly@kellykelley.com | | |
| Licensed Supervisor: | | Office Web: | |

### School Information

| | | | |
|---|---|---|---|
| School District: | 22 - Galveston | Elem: | GISD OPEN ENROLL |
| Middle: | GISD OPEN ENROLL | High: | BALL HIGH SCHOOL |
| 2nd Middle: | | | |

*SCHOOL INFORMATION IS COMPUTER GENERATED AND MAY NOT BE ACCURATE OR CURRENT. BUYER MUST INDEPENDENTLY VERIFY AND CONFIRM ENROLLMENT.*

### Description Information

| | | | | | |
|---|---|---|---|---|---|
| Access: | | | Type Contract: | **Unimproved Property** | |
| Front Dim: | **80** | Back Dim: | **80** | Left Dim: | **204** | Right Dim: | **207** |
| Lot Use: | **Resort/Vacation, Single-Family** | | Lot Improve: | | Key Map: | **807N** |
| Lot Description: | **Subdivision, Water View, Waterfront** | | Acreage: | **1/4 Up to 1/2 Acre** | |
| Road Surface: | **Concrete** | | Dev Community: | **Yes** | |
| Gas: | **Gas Available** | | Cable: | **Available** | |
| Electric: | **Electric Available** | | Phone: | **Available** | |
| Showing Instruct: | | | | | |

Agent Remarks:
**Disclosure: Listing Broker Commission is 2%.**

Physical Property Description:
**There are not many beachfront properties left in this highly sought-after beach community. Beachside Village is located on the West End of Galveston, but close to town and everything Galveston has to offer. This well designed neighborhood offers multiple dune walk overs, natural gas, protected view corridors, green spaces, and on site security. This particular lot is located adjacent to a dune walk over - easy beach access and elbow room offered here. Get ready to build your custom beachfront home today!**

### Utilities, Features and Additional Information

| | | | |
|---|---|---|---|
| Utility District: | | Area Pool: | |
| Water/Sewer: | **Public Sewer, Public Water** | Area Tennis: | |
| Golf Course Nm: | | Waterfront Feat: | **Beach View, Beachfront, Beachside, Gulf View** |
| Restrictions: | **Deed Restrictions, Recorded Plat, Subdivision Restrictions** | Disclosures: | **Other Disclosures, Sellers Disclosure** |
| 55+ Community: | **No** | City/ETJ: | **GALVESTON** |
| Sub Lake Access: | | | |

| | | | |
|---|---|---|---|
| HOA: | **Yes / Beachside Village HOA / 512-731-8182** | List Type: | **Exclusive Right to Sell/Lease** |
| List Date: | 02/14/2023 | Expire Date: | | T/Date: |
| Comp: SubAgt: | **0%** | Buyer Agent: | **3%** | Bonus: | | Bonus End: |
| | | | | | Var/Dual Rt: | **Yes** |

### Financial Information

| | | | |
|---|---|---|---|
| 1st Assumable: | | Finance Cnsdr: | **Cash Sale, Conventional** |
| Maint. Fee: | **Yes / $313 / Quarterly** | Exemptions: | |
| Other Mand Fee: | **Yes/Verify/Transfer/782.76/PID** | Auction: | |

Taxes w/o Exempt: **/2022**
Tax Rate:
Affordable Housing Desc:

| Pending Information | | | |
|---|---|---|---|
| Pending Date: **02/23/2023** | Est Close Dt: | | OPT End: |
| Sell Agent: **Matt Roll (MRoll)** | | Sell Broker: **Dash Realty (DSHR01)** | |
| TREC #: | | | |
| Sell Team Name: | | | |

| Sold Information | | | |
|---|---|---|---|
| Sale Price: **$825,000** | Close Date: **03/31/2023** | CoOp: **Yes** | |
| SP/ACR: **$2,180,232.56** | Days to Close: **36** | Terms: | SP/LP #: **0.97** |
| SP/SF: **$50.05** | | | |
| Seller Contribution to Buyer Costs: **0** | | Repair/Actual Pd: **$0** | Title Pd By: **Seller** |

**Prepared By: Brenda Delcambre**     Data Not Verified/Guaranteed by MLS     **Date: 06/26/2023 8:39 PM**
Obtain Signed HAR Broker Notice to Buyer Form

**Copyright 2023 Houston Realtors Information Service, Inc. All Rights Reserved. Users are Responsible for Verifying All Information for Total Accuracy.**

| Lots | | | **Sold** | |
|---|---|---|---|---|
| ML#: | 10819251 | | List Price: | $875,000 |
| Address: | 11395 Beachside | | Orig Price: | $875,000 |
| Area: | 33 | | LP/SF: | $57.59 |
| Tax Acc #: | 1637-0000-0430-000 | | DOM: | 7 |
| City/Location: | Galveston | | State: | Texas |
| County: | Galveston | | Zip Code: | 77554 |
| Market Area: | West End | | Section #: | |
| Subdivision: | Beachside Village | | LP/Sq. Ft.: | $57.59 |
| Lot Size: | 15,194 / Appr Dist | | LP/Acre: | $2,508,600.92 |
| Acres: | .3488 | | Lot Num: | 430 |
| Master Planned: | No | | | |
| Legal Desc: | BEACHSIDE VILLAGE SEC 4 (2016) ABST 121, LOT 430, ACRES 0.34 | | | |

Directions: Exit 61st Street, right on Seawall Blvd. Beachside Village is two miles past the end of the Seawall. Turn left into beachside Village. Left on Seaside Circle, left on Beachside Drive. The lot is on the right.

### Listing Office Information

| | | | |
|---|---|---|---|
| List Agent: | DEBBIEBR/Debra B. Reinhart | List Broker: | BSRC01/Beachside Realty Company |
| Agent Cell: | | | Request an Appointment |
| Agent Phone: | 512-731-8182 | Appt #: | 512-731-8182 / Call Agent |
| Address: | 3711 Grand Avenue, Galveston TX 77554 | Office Phone: | 512-731-8182 |
| List Agent Web: | | Fax #: | |
| Agent Email: | reinhart.debbie@gmail.com | | |
| Licensed Supervisor: | | Office Web: | |

### School Information

| | | | |
|---|---|---|---|
| School District: | 22 - Galveston | Elem: | GISD OPEN ENROLL |
| Middle: | GISD OPEN ENROLL | High: | BALL HIGH SCHOOL |
| 2nd Middle: | | | |

*SCHOOL INFORMATION IS COMPUTER GENERATED AND MAY NOT BE ACCURATE OR CURRENT. BUYER MUST INDEPENDENTLY VERIFY AND CONFIRM ENROLLMENT.*

### Description Information

| | | | | | |
|---|---|---|---|---|---|
| Access: | | | Type Contract: | Unimproved Property | |
| Front Dim: | 71 | Back Dim: 75 | Left Dim: | 210 | Right Dim: 206 |
| Lot Use: | Resort/Vacation, Single-Family | | Lot Improve: | | Key Map: 424A |
| Lot Description: | Waterfront | | Acreage: | 1/4 Up to 1/2 Acre | |
| Road Surface: | Concrete | | Dev Community: | | |
| Gas: | Gas Available | | Cable: | Available | |
| Electric: | Electric Available | | Phone: | Available | |
| Showing Instruct: | | | | | |
| Agent Remarks: | | | | | |

Physical Property Description:
Come see this amazing beach front lot in Beachside Village! Amazing sunrises will be seen every morning from the porch you build! The waterfront changes everyday with a new tide. Beachside Village is on the west end but still close to town and all the activities that happen in town. The lot is located on a greenbelt which provides a little more room from your neighbor and easy access to the beach.

### Utilities, Features and Additional Information

| | | | |
|---|---|---|---|
| Utility District: | | Area Pool: | |
| Water/Sewer: | Public Sewer, Public Water | Area Tennis: | |
| Golf Course Nm: | | Waterfront Feat: | Beachfront |
| Restrictions: | Deed Restrictions, Recorded Plat, Subdivision Restrictions | Disclosures: | Other Disclosures |
| 55+ Community: | No | City/ETJ: | GALVESTON |
| Sub Lake Access: | | | |

| | | | |
|---|---|---|---|
| HOA: | Yes / Beachside Village HOA / 5127318182 beachsidevillagehoa.com | List Type: | Exclusive Right to Sell/Lease |
| List Date: | 03/21/2023 | Expire Date: | T/Date: |
| Comp: SubAgt: | 3% | Buyer Agent: 3% | Bonus: |
| | | | Bonus End: |
| | | | Var/Dual Rt: No |

### Financial Information

| | | | |
|---|---|---|---|
| 1st Assumable: | | Finance Cnsdr: | |
| Maint. Fee: | Yes / $537 / Quarterly | Exemptions: | |

Other Mand Fee: **Yes/783/Beachside Village PID**    Auctions
Taxes w/o Exempt: **$9,965/2022**                    Online Bidding:
Tax Rate: **1.9875**
Affordable Housing Desc:

| Pending Information | | | |
|---|---|---|---|
| Pending Date: **03/28/2023** | Est Close Dt: | | OPT End: |
| Sell Agent: **Non-MLS Agent (nonmls)** | | Sell Broker: **Non-MLS (nonmls)** | |
| TREC #: **249815** | | | |
| Sell Team Name: | | | |

| Sold Information | | | | | |
|---|---|---|---|---|---|
| Sale Price: | **$840,000** | Close Date: | **04/18/2023** | CoOp: | **No** |
| SP/ACR: | **$2,408,256.88** | Days to Close: | **21** | Terms: | |
| SP/SF: | **$55.28** | | | | SP/LP #: **0.96** |
| Seller Contribution to Buyer Costs: **0** | | | Repair/Actual Pd: | **$0** | Title Pd By: **Seller** |

**Prepared By: Brenda Delcambre**       Data Not Verified/Guaranteed by MLS       **Date: 06/26/2023 8:39 PM**
                                    Obtain Signed HAR Broker Notice to Buyer Form

**Copyright 2023 Houston Realtors Information Service, Inc. All Rights Reserved. Users are Responsible for Verifying All Information for Total Accuracy.**

Brenda Delcambre | Riverbend Realty Group | brenda010@sbcglobal.net | Ph: 832-392-8654

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 REGARDING THE REAL PROPERTY LOCATED AT 0 BERMUDA BEACH, GALVESTON, TEXAS 77554; DECLARATION OF LINDA EZOR SWARZMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 5, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kelli M Brown**   kbrown@ghidottiberger.com, bknotifications@ghidottiberger.com
- **Katherine Bunker**   kate.bunker@usdoj.gov
- **Chad L Butler**   caecf@tblaw.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Sarah M Cox**   sarah@spectorcox.com, sarah@ecf.courtdrive.com;slthorn@spectorcox.com;ahawkins@spectorcox.com
- **Sarah Gerdes**   sarah@searsfirm.com
- **Arnold L Graff**   agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net;jpowell@wrightlegal.net
- **Tara L Grundemeier**   houston_bankruptcy@lgbs.com
- **Mitchell B Ludwig**   mbl@kpclegal.com, kad@kpclegal.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Eric S Pezold**   epezold@swlaw.com, knestuk@swlaw.com
- **David M Poitras**   dpoitras@wedgewood-inc.com, dpoitras@jmbm.com;dmarcus@wedgewood-inc.com
- **Lee S Raphael**   ecfcca@ecf.courtdrive.com, cmartin@pralc.com
- **Susan K Seflin**   sseflin@bg.law
- **David Seror**   dseror@bg.law, ecf@bg.law
- **Owen M Sonik**   osonik@pbfcm.com, tpope@pbfcm.com
- **Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
- **Diana Torres-Brito**   dtorres-brito@pralc.com, ecfcca@ecf.courtdrive.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Garrick Vanderfin**   gvanderfin@polsinelli.com, mfiander@polsinelli.com;ladocketing@polsinelli.com
- **Larry D Webb**   Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **_____, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **[Delivery to Judge temporarily suspended if under 25 pages, per General Order 23-01]**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2023 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                      F 9013-3.1.PROOF.SERVICE